Ronald Dee **STEENS** a/k/a Ronnie Fisk, Appellant,

v.

The **STATE** of Texas, Appellee.

No. D14–83–803–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 1984.

Stanley Schneider, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before BERT H. TUNKS and TOM F. COLEMAN, C.JJ. (Retired), and GEORGE E. MILLER, J. (Retired).

## OPINION

GEORGE E. MILLER, Justice (Retired).

This is an appeal from a conviction of aggravated robbery pursuant to TEX. PENAL CODE ANN. § 29.03 (Vernon 1974.) Appellant entered a plea of not guilty. The jury found him guilty and the trial court assessed punishment at thirty years confinement in the Texas Department of Corrections. Appellant raises two grounds of error challenging the validity of his arrest and lack of a presentence investigation. We affirm.

In his first ground of error, appellant contends his arrest warrant was invalid because it was based on an insufficient affidavit. He argues further his photo used in a photographic spread was a direct result of the unlawful arrest. He further complains the photographic spread and the subsequent testimony concerning the photo identification of appellant should not have been admitted into evidence.

■ No pretrial motion raised the issue of an invalid arrest. No motion in the record complains of the arrest. A pro se application for writ of habeas corpus contested the sufficiency of the affidavit but the record nowhere indicates the application was brought to the court's attention and ruled on. The arrest warrant and underlying affidavit are not in the record. There was no objection to any evidence urging it was tainted by an illegal arrest. Nothing is presented for review. Assertions in a brief, unsupported by the record, present nothing for review. *Tooke v. State*, 642 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1982, no pet.) *see Haynes v. State*, 468 S.W.2d 375, 377 (Tex. Crim.App.1971) *cert. denied*, 405 U.S. 956, 92 S.Ct. 1180, 31 L.Ed.2d 233 (1972).

■ Even if appellant had a meritorious argument against the arrest warrant, the record shows the photographic indentification procedure was not the fruit of appellant's arrest. The photo of appellant was an old one in Houston police files.

■ The record further indicates the identifying witness' observation during the robbery provides a basis for in-court identification wholly independent of her examination of the photo spread. *Turner v. State*, 614 S.W.2d 144, 146 (Tex.Crim.App.1981). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends the trial court erred in not ordering a presentence investigation report as required by TEX.CODE CRIM.PROC. ANN. art. 42.12 § 4 (Vernon Supp.1984).

Under that article the judge need not order a report if the "Court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the Court explains this finding on the record."

After appellant's attorney gave notice of appeal, the trial judge made the following statement for the record.

The Court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the Court explains this finding on the record and that is what I am doing

now. I am not ordering a presentence investigation in this matter.

There was no objection.

Appellant asserts the court's statement did not amount to an explanation. He further argues the evidence was clearly not sufficient to allow a meaningful exercise of sentencing discretion as required by the statute. No cases are cited in support of the argument. Indeed, this appears to be a matter of first impression.

 The term "explain" should not be construed as requiring the judge to state for the record all the factors which enter into his consideration. Section 4, furthermore, refers to the court's sentencing "discretion," that is, under Article 42.12, the court's decision whether to grant or deny probation. Appellant was convicted of aggravated robbery. The trial court, therefore, had no sentencing "discretion." *Id.* at § 3(a)(1)(D). A presentence investigation, thus, would have served no purpose. Appellant's second ground of error is overruled.

The conviction is affirmed.