**David Martin STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–86–158–CR, C14–86–159–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 4, 1987.

Diane M. Palmer, Missouri City, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Jonathan Munier, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, David Martin Stewart, appeals two judgments of conviction for the offenses of murder and attempted murder. Appellant entered a plea of not guilty in each cause. The jury found appellant guilty of both offenses. The court assessed punishment at forty (40) years confinement in the Texas Department of Corrections for murder and ten (10) years confinement for attempted murder. We affirm both judgments of the trial court.

Appellant presents three points of error. In two points he asserts the trial court erred in (1) sentencing him to forty years and ten years confinement, since such punishment is cruel and unusual under the U.S. and Texas Constitutions; and (2) failing to order a presentence investigation report. Appellant alleges in his final point of error that (3) the prosecutor erred in introducing an extraneous offense.

At about 10:05 p.m. on the evening of June 18, 1985, two Houston police officers responded to a call reporting a family disturbance at the Stewart home in southwest Houston. Officer Britt Tatum testified he and his partner spoke to the caller, whom he identified in court as appellant. Tatum further testified appellant said he had been having some family trouble and needed to speak with police. However, the disturbance seemed to be over when the officers arrived. Appellant, who appeared to have been drinking, denied he had a weapon.

After speaking to family members about the earlier argument, the officers suggested one party leave the house overnight. Appellant agreed and waited outside for his son to pick him up. The officers then left.

Shortly thereafter, friends of appellant's stepdaughter, Lynda Stewart, arrived at the house. Ines Aguino testified that when she and another friend attempted to enter the Stewart residence to retrieve her sweater, appellant refused to let them in.

Instead, appellant's stepdaughter handed Aguino the sweater. The two left and, joined by another friend, began walking down the street. Brian Starkey, the second friend, testified the three were talking nearby when they heard screams and gunshots from the direction of the Stewart house. He ran back toward the house and saw Mrs. Stewart run out of the house screaming and holding her bleeding hand. He then saw appellant get into a Bronco and drive away. Starkey entered the house and saw Lynda Stewart lying face down inside the front door.

Appellant later surrendered to police. The gun used in the shootings was retrieved from an attorney contacted by appellant.

■ In his first point of error, appellant claims the trial court erred in sentencing him to forty years confinement for murder and ten years for attempted murder because the punishment is cruel and unusual under both the eighth amendment to the U.S. Constitution and article I § 13 of the Texas Constitution. We disagree.

The range of punishment for murder, a first degree felony, is five to ninety-nine years or life plus a fine of up to $10,000; and for attempted murder, a second degree felony, two to twenty years plus a fine of up to $10,000. Texas Penal Code Ann. §§ 12.32, 12.33 (Vernon Supp.1987). Appellant was sentenced to forty years and ten years respectively. Both sentences assessed by the trial court lie within the mid-range of the statutory punishment limits for the offenses at issue.

Where the punishment assessed by the judge or jury is within statutory limits, the punishment is not cruel or unusual within the statutory prohibition. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App. 1972); *Pequeno v. State*, 710 S.W.2d 709, 711 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd); *Stewart v. State*, 693 S.W.2d 11, 15 (Tex.App.—Houston [14th Dist.] 1985), *aff'd* 718 S.W.2d 286 (Tex.Cr.App. 1986). Appellant's first point of error is overruled.

Appellant complains in his second point of error that the trial court erred in failing to order a presentence investigation report (PSIR) as requested by his attorney. Citing the following mandatory language in article 42.12 of the Texas Code of Criminal Procedure as controlling, he claims the trial court did not satisfy the exception noted in subsection 4(b)(2):

Sec. 4. (a) Except as provided by Subsections (b) and (h) of this section, prior to the imposition of sentence by the court in a criminal case *the court shall direct a probation officer to report to the court in writing* on the circumstances of the offense with which the defendant is charged, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court.

(b) *The court is not required to direct a probation officer to prepare a report if:*

(1) the defendant requests that a report not be made and the court agrees to the request; or

(2) *the court finds that there is sufficient information in the record* to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record.

\* \* \* \* \* \*

Tex.Code Crim.Proc.Ann. art. 42.12 §§ 4(a); 4(b)(1); 4(b)(2) (Vernon Supp.1987) (emphasis added). Appellant asserts that by making no finding on the record explaining the lack of a PSIR, the trial court thereby violated subsection 4(b)(2). We hold article 42.12 inapplicable to the case before us. Therefore, the trial court did not err in failing to order a PSIR under the article.

■ Although appellant's brief fails to mention the fact, both judgments indicate that appellant waived his right to the preparation of a PSIR. We must therefore indulge every presumption in favor of the regularity of the documents in the trial court. *Lopez v. State*, 708 S.W.2d 446, 447–48 (Tex.Crim.App.1986); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984) (opinion on State's motion for rehearing). Appellant's argument thus has no merit.

■ However, had the judgments erroneously recited appellant's waivers, the record establishes that the jury made affirmative findings of a deadly weapon. Appellant was thus ineligible for probation and the trial court was precluded from granting it. Tex.Code Crim.Proc.Ann. 42.12 § 3g(a)(2) (Vernon Supp.1987); *Steens v. State,* 681 S.W.2d 767, 769 (Tex.App. [14th Dist.] 1984, no pet.). Article 42.12, upon which appellant relies, concerns itself solely with probation. It is to be cited as the "Adult Probation Law." Tex.Code Crim. Proc.Ann. art. 42.12 A. §§ 1, 2 (Vernon Supp.1987). "Moreover, [the] presentence investigation report [of art. 42.12 § 4] is a creature of the adult probation and parole law ... intended for use by the trial court ... to determine what terms and conditions of probation are appropriate to the particular defendant ... as much as whether to allow probation in the first place." *State ex rel. Turner v. McDonald,* 676 S.W.2d 375, 378 (Tex.Crim.App.1984) (per curiam), citing dissent, *Mason v. State,* 604 S.W.2d 83, 87–88 (Tex.Crim.App.1980). We hold, therefore, that article 37.07 of the Texas Code of Criminal Procedure, rather than article 42.12, controls.

Article 37.07 reads in pertinent part:

(d) When the judge assesses the punishment, *he may order an investigative report* as contemplated in Section 4 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to punishment to be assessed. Tex.Code Crim.Proc.Ann. art. 37.07 § 3(d) (Vernon Supp.1987).

The provision reads permissively, granting the trial court discretion to order and utilize a presentence investigation report if necessary.[1]

The trial court acted properly in not ordering a PSIR. We overrule appellant's second point of error.

In appellant's final point of error, he alleges the prosecutor committed reversible error by introducing an extraneous offense. Appellant claims that the prosecutor's question at the punishment stage, which was tried to the court, concerning an incestuous relationship with the deceased was impermissible ("Well, you said you loved children. Did you love Lynda especially in more of an incestuous relationship?").

■ In proceedings before the court the trial judge is presumed to disregard any improperly admitted evidence in reaching a decision. *Breazeale v. State,* 683 S.W.2d 446 at 450; *Johnson v. State,* 478 S.W.2d 442, 444 (Tex.Crim.App.1972).

■ Furthermore, appellant has preserved nothing for review. His timely objection at trial was sustained. He made no motion for mistrial. Appellant received the relief he requested. *Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Crim.App.1985); *Torres v. State,* 491 S.W.2d 126, 128 (Tex. Crim.App.1973). Appellant's third point of error is overruled.

Both judgments of the trial court are affirmed.

---

**1.** Article 37.07, permitting the use of a PSIR at punishment, was revised in legislative response to Judge Clinton's dissent in *Mason v. State.*

*See Jackson v. State,* 680 S.W.2d 809, 812 fn. 3 (Tex.Crim.App.1984).