**William Charles McGHEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–597–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 18, 1988.

Timothy E. Telge, Brian D. Coyne, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., James Michael Anderson, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and SEARS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was found guilty by a jury of aggravated sexual assault. He also had a prior conviction for burglary of a habitation. The court assessed punishment of life in the Texas Department of Corrections. We affirm.

On August 7, 1985 at approximately 10:00 p.m., the victim went to a local convenience store. As she was returning home, appellant approached her pretending he had mistaken her for someone he knew. With a knife in his hand, he grabbed the victim and pulled her into a weeded area adjacent to the dimly lit street. The victim was forced to perform oral sex and to submit to sexual intercourse. Although appellant presented alibi witnesses, he does not now challenge the sufficiency of the evidence that a sexual assault occurred.

In his first point of error, appellant argues that the state's evidence was insufficient to prove that the knife used was a deadly weapon and, therefore, the offense was not aggravated. The victim testified that she was afraid and felt she would be hurt if she did not do as appellant asked. However, the jury was not charged on V.T.C.A., Penal Code § 22.021(a)(2). The jury was asked only to determine if appellant had used or exhibited a deadly weapon during the course of the sexual assault. V.T.C.A., Penal Code § 22.021(a)(4).

A knife is not a deadly weapon per se. *McElroy v. State*, 528 S.W.2d 831 (Tex. Crim.App.1975). The essential question is whether the evidence established that the knife was used, or was intended to be used, in such a way that it was capable of causing death or serious bodily injury as required by V.T.C.A., Penal Code, § 1.07(a)(11)(B). *Danzig v. State*, 546 S.W. 2d 299, 300 (Tex.Crim.App.1977), *rev'd on other grounds*, 574 S.W.2d 129, 131 (Tex. Crim.App.1978) (overruled necessity for expert testimony). A knife may be proven to be a deadly weapon through the manner in which it was used, its size and shape, or its capacity to produce death or serious bodily injury. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex.Crim.App.1980); *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex.Crim.App.1978). Wounds, although a factor for the court to consider, need not be inflicted before a knife can be determined a deadly weapon. *Denham v. State*, 574 S.W.2d 129 (Tex. Crim.App.1978). Additionally, it is no longer required that expert testimony establish the character of a weapon, *Denham* at 130.

In the instant case, the knife was not in evidence. The only evidence relevant to aggravation came from the victim. The victim stated that appellant had a knife in his hand when he approached her the second time. The prosecutor asked how long the knife was and the witness answered, "It was about that long." She gave the same response when asked the same question during cross-examination. The victim described the knife as having a silver blade and being something a survivalist would use. On cross examination, she stated that it "looked liked something Rambo would use".

While the Court of Criminal Appeals has required very explicit testimony on the character of the weapon involved, the victim's testimony here satisfies that requirement. Her statements describing the knife were sufficiently clear in common parlance to establish that the knife was a potentially deadly weapon. The victim's testimony describing the manner in which the knife was used further illustrates the deadly character of the weapon. That testimony, in relevant portions, was as follows:

A: He told me to have oral sex with him.

. . . . .

Q: And what was he doing at the time he said this, ma'am.

A: He had his left hand on the back of my head and he still had the knife in his right hand and he had it about right here by my head.

Mr. Anderson: Your Honor, may I approach the witness briefly?

Q (By Mr. Anderson): And we can do this just with me standing here and please speak into the microphone so that everybody can hear you. Show me how he had the knife to your head.

A: Like this (demonstrating).

Q: And was he applying force to the back of your head?

A: Yes, sir.

Q: And did he actually take his penis out of his pants?

A: Yes, sir.

Q: And did you, because of the knife and the threats that you felt, did you perform oral sex on this Defendant?

A: Yes, sir; I did.

A JUROR: Could I have—the knife was facing the wrong way on the head. We didn't get a good picture of how the knife was going.

Q: (By Mr. Anderson) Could you show me and speak please, loudly so everybody can hear you.

A: Okay. He had his hand right here and he had the knife right here and he was using force on my head.

Q: And he did display the knife to you and put it near your head?

A: Yes, sir.

Q: What happened next, Ms. Starnes?

A: Well, I was having oral sex.... And then he pushed me away and he said, "Lay down on your back," which I did.

Q: Why did you do that?

A: Because he still had the knife on me, sir.

Q: And what happened next?

A: He proceeded to have sexual intercourse with me.

The victim's testimony concerning the manner in which the knife was used, coupled with her description of the knife, was sufficient to support the jury's verdict. Appellant's first point of error is overruled.

■ The appellant's second point of error complains that the trial court committed reversible error by prohibiting appellant's counsel from asking a certain question during voir dire. The question concerned potential jurors ability and willingness to resolve a conflict in the testimony as follows:

MR. TELGE: Do ya'll on the jury panel feel that you can render a fair and impartial verdict if there is testimony presented that conflicts? If you have hypothetical situation of one person saying this and the other person saying that, and, say, you have an eye-witness over here who is designated as an eye-witness and they say, "Well, I saw John Doe do something," and you have another witness over here saying, "No, he couldn't have because he has been over here with me." Given that fact situation do you think that ya'll can still render a fair and impartial verdict based upon the conflict like that wising? Is there anybody that would not be able to? Would that put you in too great a strain of having to decide?

MR. ANDERSON: Judge, again, I think that is an unfair question. It's based on the credibility of the witnesses that they hear.

THE COURT: Sustained.

The conduct of a voir dire is within the discretion of the trial court and only an abuse of discretion will require reversal on appeal. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App.1980). When a defendant is denied the opportunity to ask proper voir dire questions, an abuse of discretion has been shown. *Clark, supra; Mathis v. State*, 576 S.W.2d 835 (Tex.Crim.App.1979); *Trevino v. State*, 572 S.W.2d 336 (Tex. Crim.App.1978). In each of those cases, the trial court specifically precluded any questions about matters which were clearly proper. Here, appellant's trial counsel was not precluded from asking questions about the potential jurors' willingness and ability to reconcile conflicting testimony. Nothing in the record indicates that appellant's counsel was instructed not to ask further questions about such matters. He was not prohibited from rephrasing his question; but elected not to do so. The trial court did not abuse its discretion. Point of error number two is overruled.

In his third point of error, appellant contends that the court below erred in not ordering a presentence investigation in accordance with Tex.Code Crim.Proc.Ann. Art. 42.12 § 4(a) (Vernon Supp.1987).

■ The statute clearly specifies that a court is not required to direct the preparation of such a report if "the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record." Tex. Code Crim.Proc.Ann. art. 42.12 § 4(b) (Vernon Supp.1987). In *Steens v. State*, 681 S.W.2d 767, 768 (Tex.App.—Houston [14th] 1984, no writ), this court held that "explain" should not be construed as requiring the judge to state for the record all the factors that entered into his consideration. The judge stated, on the record, that there was sufficient information in the record to allow a meaningful exercise of discretion in sentencing. The court then took judicial notice of the evidence adduced at the guilt/innocence phase, as well as the defendant's prior burglary conviction, and sentenced appellant to life imprisonment.

The judge satisfied the requisites of the statute.

■ Further, once the appellant was found guilty of aggravated sexual assault, § 3g(a) of article 42.12 prohibits his being given probation. A presentence investigation would have served no useful purpose under these circumstances. *Stewart v. State*, 732 S.W.2d 398, 401 (Tex.App.— Houston [14th] 1987). The court below was not required to order the presentencing investigation. The third point of error is overruled.

The judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent. The evidence is insufficient to establish *beyond a reasonable doubt* that the knife used was a deadly weapon. The knife was not introduced into evidence. The length of the blade was never established. The complainant was not cut or threatened that she would be cut.

The majority opinion basically says the knife was a deadly weapon because:

(1) It was described as something a survivalist would use;

(2) It looked like something "Rambo" would use; and,

(3) It was held to the victim's head.

Although one could *presume* a survivalist might use a huge knife, it is common knowledge that many survivalists use a small Swiss Army knife because of the versatility afforded by its multiple blades. The knife blade on such an instrument is only one to two inches long. We could further *assume* the victim referred to the movie character "Rambo" and was describing the huge knife he carried in the movie; however, "Rambo" was never identified.

Although I condemn the acts committed by the Appellant, and sympathize with the victim, the state has failed in its burden of proof. We cannot affirm a finding of a deadly weapon merely because we *assume* the knife qualified as one, and then further *assume* the state could have proven it to be a deadly weapon by more skillfull questioning of the victim.

The majority fails to cite any case law supporting their opinion that a finding of a deadly weapon can be affirmed when:

(1) The knife is not in evidence.

(2) There is no testimony describing the length of the knife blade.

(3) The knife was not *used* in a manner that could cause death or serious bodily injury.

(4) No expert witness testified the knife was a deadly weapon.

In the trial of every person accused of rape, the victim's testimony reveals the inevitable fear experienced by all such victims whether or not a deadly weapon is exhibited by the rapist. The fact that this complainant experienced fear does not make a knife a deadly weapon under our present law. Its manner of use, or intended use, must be such as to cause, or intend to cause, death or serious bodily injury.

One of the cruelest looking knives I have ever seen is a linoleum cutting knife. Its specially carved head has a razor sharp point and blade, and it can without a doubt kill and/or cause serious bodily injury. Yet, when such a knife was used in a slashing manner in an attempt to cut a San Antonio police officer, the Court of Criminal Appeals held:

"... Weaver suffered no wounds. There was no testimony as to the *size* of the knife's blade, although Weaver did testify it looked sharp. Weaver did testify that he was in fear of serious bodily injury or death while the appellant brandished the knife.... We find the evidence regarding 'the manner of its use or intended use' insufficient ..."

*Alvarez v. State*, 566 S.W.2d 612, 614 (Tex. Crim.App.1978).

The majority has failed to cite a single case upholding a finding that a knife is a deadly weapon without evidence that its use or intended use was to cause death or serious bodily injury. We have no testimony from the complainant that Appellant threatened to cut or stab her with the knife. There is simply no evidence that the knife was used or intended to be used in any manner other than as a means to

frighten the victim into submission. This has been accomplished in prior cases by fists, feet, broomsticks, bars of metal and numerous other tools and instruments. The use of some instrumentality to induce fear does not elevate that instrumentality to the status of a deadly weapon *unless* it is used or intended to be used to cause death or serious bodily injury. Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974).

I would reverse the finding of a deadly weapon and the elevation of the offense to aggravated sexual assault. I would affirm a conviction for sexual assault.