**Henry Lewis WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00558–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 25, 1991.

John W. Williford, Jr., Huntsville, for appellant.

Frank Blazek, Walker County Dist. Atty., for appellee.

Before COHEN and WILSON, JJ., and FRANK C. PRICE, Assigned Justice.

OPINION

FRANK C. PRICE, Assigned Justice.[1]

Appellant, Henry Lewis Walker, pled guilty before the court to burglary of a habitation. The trial judge found the allegations in four enhancement paragraphs true and assessed punishment at life confinement.

The only question presented is whether the probation statute requires the preparation of a presentence report in a case involving a defendant who is not eligible for probation. We hold that it does not.

Appellant asserts, in his sole point of error, that the trial court violated the mandatory provision of TEX.CODE CRIM.P.ANN. art. 42.12, § 9 (Vernon Supp.1991) by not ordering a presentence investigation requested by appellant. Section 9(a) requires that the trial court, prior to imposing a sentence, direct a probation officer to prepare a written report reflecting the circumstances of the offense, any necessary resti-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

tution, the criminal and social history of the defendant, and any other requested information. Additionally, section 9(a) states, "[T]he report must contain a proposed client supervision plan describing programs and sanctions that the probation department would provide the defendant if the defendant were granted probation." An exception to this requirement, noted in subsection 9(b)(2), relieves the trial court of this obligation if it explains on the record that the record includes sufficient information to permit a meaningful exercise of sentencing discretion. Appellant claims that by making no such finding, the trial court erred.

Article 42.12 relates only to matters involving adult probation. The statute addresses the application of probation as an alternative to incarceration, and the administration of the probationer. TEX.CODE CRIM.P.ANN. art. 42.12, § 1.

Appellant's conviction was enhanced by four prior felony convictions; thus, the minimum punishment appellant could receive was 25 years imprisonment. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp. 1991). Because this sentence exceeded 10 years, appellant was not eligible for probation. TEX.CODE CRIM.P.ANN. art. 42.12, § 3. Consequently, article 42.12 is not applicable to this case. *See Thomas v. State,* 774 S.W.2d 26, 30 (Tex.App.—Beaumont 1989, no pet.) (holding that a deadly weapon precludes probation and the necessity for a presentence investigation report); *McGhee v. State,* 747 S.W.2d 446, 450 (Tex.App.—Houston [14th Dist.] 1988, no pet.) (once appellant was found guilty of aggravated sexual assault, section 3g(a)(1)(C) of article 42.12 prohibited probation; therefore, a presentence investigation served no purpose); *Stewart v. State,* 732 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (a deadly weapon precludes probation and the necessity for a presentence investigation report); *Steens v. State,* 681 S.W.2d 767, 769 (Tex.App.—Houston [14th Dist.] 1984, no pet.) (once appellant was found guilty of aggravated robbery, under section 3g(a)(1)(D) of article 42.12, the trial court could not grant probation and a presentence investigation report served no

purpose). Therefore, appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.