William MATTHEWS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–01068–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1990.

Will Outlaw, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, William Matthews, appeals his judgment of conviction for the offense of aggravated sexual assault. TEX. PENAL CODE ANN. § 22.021 (Vernon 1989). The jury rejected appellant's not guilty plea and found him guilty as charged in the indictment. The court assessed appellant's punishment at eighteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

The State's first witness was J.M.B., the complainant, who was nineteen years of age. On August 19, 1987, the night of the sexual assault, she had played basketball and was sitting with her family. Later, in the early morning hours of August 20, 1987, she overheard a fight. She and her cousin, Terry, went to see the fight.

She testified that she saw appellant in the area where the fight had erupted. She later returned to her sister's home. Around 12:30 a.m. she and Terry walked to a store. Before she reached the store, she observed appellant approach in a vehicle that had a flat tire. She testified that appellant pointed a gun at her and yelled to her to enter his car. She further testified that appellant drove off with her in the car, while Terry chased the vehicle. The com-

plainant tried to get out of the car, but appellant grabbed her by the shirt and pulled her in. Appellant hit the complainant on the leg with the gun as he pulled her back into the car. Appellant told her, "Don't try it again." Appellant then locked the car's door and told the complainant to lay the seat back. Appellant reclined the complainant's seat back, ordering her to lay back and to take her clothes off. Appellant still had the gun. The complainant took her clothes off. Appellant then had vaginal intercourse with the complainant without her consent. Appellant still had the gun in his right hand.

Appellant then moved back over to his side of the front seat and pulled his pants back up. Appellant next started nodding off as if he was going to sleep. The complainant eventually got out of the car, running a short distance when she realized that she did not have any clothes on. The complainant ran back to the car, retrieved her clothes, and ran back to her sister's apartment telling her sister that a man had pulled a gun on her and raped her.

The police were called and the complainant took Officers Rivera and Rizzo to the parking lot behind the YMCA. She told the officers that this parking lot was where appellant had raped her. Appellant's car was still there, but he had left. Appellant was traced through the vehicle's registration. The complainant positively identified appellant's picture from a photospread. Appellant was arrested soon thereafter.

■ Appellant brings three points of error on appeal. In his first point of error, appellant claims the State impermissibly made reference to the victim from appellant's previous conviction during cross-examination. During the trial prosecutor's cross-examination of appellant, the following occurred:

Q: Okay. Now, let's go back for minute. Have you ever been convicted of a felony or misdemeanor involving moral turpitude?

A: Yes, I be convicted of riding [sic]—theft by check and from what I understand, that it wasn't a serious thing at all. And also, I was convicted of a

false arrest here in Houston, Texas, and which Mr. Weldon Barret (Phonetic) defended me on after guy out of San Diego called him on a false arrest—

Q: So is this your second false arrest?

A: Certainly.

Q: So—okay. You've previously been convicted of theft. We understand that. Is that correct?

A: A check.

Q: You stole something, right?

A: I did not steal nothing. That's what they charged me.

Q: Well, what did the victim think?

DEFENSE COUNSEL: Object to that.

THE COURT: Sustained.

Appellant's trial attorney did not request an instruction to disregard and did not make a motion for mistrial. Appellant must obtain an adverse ruling in order to preserve a matter for review. Therefore, no error has been preserved for purposes of appeal. Appellant received the relief he requested. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex.Crim.App.1985).

■ Furthermore, once a defendant in a criminal prosecution voluntarily takes the witness stand, as appellant did in this case, he is subject to the same rules as any other witness and may be impeached, contradicted, made to give evidence against himself, cross-examined as to new matters, and treated in every respect as any other witness testifying in his behalf, except when there are overriding constitutional or statutory provisions. *Alexander v. State*, 740 S.W.2d 749, 763 (Tex.Crim.App.1987). *See* TEX.R.CRIM.EVID. 610(b). It is clear that the trial prosecutor was merely trying to establish that appellant had been convicted of theft.

We find that the trial prosecutor's unanswered question resulted in no harm to the appellant under TEX.R.APP.P. 81(b)(2). The mere asking of an allegedly improper question will not constitute reversible error unless the question results in obvious harm to the accused. *Brown v. State*, 692 S.W.2d 497, 501 (Tex.Crim.App.1985). Furthermore, the error allegedly caused by asking

such a question will generally be cured if the trial court instructs the jury to disregard. *Brown,* 692 S.W.2d at 501. Since no instruction to disregard was requested in this case, the appellant cannot complain on appeal. The appellant's first point of error is overruled.

In his second point of error, appellant asserts that his motion to strike the jury panel was erroneously overruled. Three days following the seating and swearing in of the jury in this case, it was brought to the attention of the trial court that one of the jurors was related to the process server for the 185th District Court. Appellant attempts to translate this fact into juror misconduct by noting that the juror apparently did not respond when, at the beginning of voir dire, the trial court asked the prospective jurors whether any of them knew any of the "support staff" for the Harris County District Attorney's Office. The process server for the 185th District Court is not an employee of the Harris County District Attorney's Office. This particular process server was a new employee of the 185th District Court. The jury was, in fact picked while another process server was employed by court. The process server and the juror testified that they did not discuss the case with each other. The juror also testified that his relationship with the trial court's process server would not affect his decision in the case.

The proper method by which to preserve error reflected by jury misconduct is for the defendant to file a motion for new trial accompanied by affidavits of a juror or jurors or other person in a position to know the facts in support of the allegation of jury misconduct. *Trout v. State* 702 S.W.2d 618, 620 (Tex.Crim.App.1985); *Chastain v. State,* 667 S.W.2d 791, 797 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). It is not erroneous for a trial court to allow on the jury a juror who knows an employee of the trial court. *De la Garza v. State,* 650 S.W.2d 870, 878 (Tex.App.—San Antonio 1983, pet. ref'd). No juror misconduct is shown in this case, and this Court cannot presume juror misconduct.

*Bell v. State,* 724 S.W.2d 780, 798 (Tex. Crim.App.1986). Appellant's second point of error is overruled.

In his third point of error, appellant claims the trial court erred in sentencing appellant without a pre-sentence investigation report. First of all, we note that there was no objection to the trial court's alleged failure to sentence the appellant without a pre-sentence investigation report. Appellant has failed to preserve any error for purposes of appeal. *Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986).

Furthermore, appellant appears to suggest that the language of TEX.CRIM. PROC.CODE ANN. art. 42.12, § 4(a) (Vernon Supp.1989) is mandatory. We disagree. In *State ex rel. Turner v. McDonald,* 676 S.W.2d 375 (Tex.Crim.App.1984), the court of criminal appeals noted the apparently irreconcilable conflict existing between TEX. CRIM.PROC.CODE ANN. art. 42.12, § 4(a) (Vernon Supp.1989) and TEX.CRIM.PROC. CODE ANN. art. 37.07, § 3(d) (Vernon Supp. 1989). Based upon this irreconcilable conflict, the court of criminal appeals held that the trial court still had the discretion whether or not to sentence a defendant with a presentence investigation report. *See also Trevino v. State,* 761 S.W.2d 562, 566–67 (Tex.App.—San Antonio 1988, pet. ref'd); *Orellana v. State,* 686 S.W.2d 703, 705 (Tex.App.—Corpus Christi 1985); *aff'd,* 706 S.W.2d 660 (Tex.Crim.App.1986). *Stewart v. State,* 732 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1987, no pet.) Further, since the appellant was convicted of the felony offense of aggravated sexual assault and was, therefore, ineligible for probation, the trial court did not have to order a pre-sentence investigation report since such a report would have served no useful purpose in this case. *See McGhee v. State,* 747 S.W.2d 446, 450 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Stewart,* 732 S.W.2d at 401. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.