Sherry Joan OVERTON, Appellant,

v.

The STATE of Texas, State.

No. 2-89-244-CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1991.

Hardy F. Burke, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty. and Gwinda Burns, Asst. Crim. Dist. Atty., Denton, for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

HILL, Justice.

Sherry Joan Overton appeals her conviction by the judge of the offense of driving while intoxicated upon her plea of guilty. The judge assessed her punishment at confinement in the Denton County jail for one year and a fine of $1,000. She asserts in two points of error that the trial court erred by denying the preparation of a presentence report after admonishing her that she was entitled to one and that the trial court erred by improperly considering inadmissible evidence regarding her prior criminal record.

We reverse and remand for the proper assessment of punishment because the trial court erred by failing to order a presentence report of an evaluation to determine the appropriateness of alcohol rehabilitation for Overton.

In point of error number two Overton complains of the admission of evidence as to a prior conviction of adultery on the grounds that it did not constitute evidence of a conviction in a court of record, nor was it material to the offense charged.

■■■ Overton was tried prior to September 1, 1989. At that time article 37.07, section 3(a) of the Texas Code of Criminal Procedure provided that in a punishment hearing after a finding of guilty, "evidence may, as permitted by the Rules of Evidence, be offered ... as to the prior criminal record of the defendant, his general reputation and his character." Act effective Sept. 1, 1987, 70th Leg., R.S., ch. 385, sec. 19, 1987 Tex.Gen.Laws 1891, 1898; Act effective Sept. 1, 1987, 70th Leg., R.S., ch. 386, sec. 1, 1987 Tex.Gen.Laws 1899, 1899, *amended by* Act effective Sept. 1, 1989, 71st Leg., R.S., ch. 785, sec. 4.04, 1989 Tex.Gen.Laws 3471, 3492 (current version at TEX.CODE CRIM.PROC.ANN. art. 37.-07, sec. 3(a) (Vernon Supp.1991)). That section defined prior criminal record as a final

conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. *Id.* The section also allowed for the introduction of certain adjudications of delinquency. *Id.*

Overton testified that she had not been convicted of adultery in Colorado, and then admitted, over her objection, that she had previously been convicted of adultery in Adams County, Colorado. There is no showing that the conviction occurred in a court of record, nor any showing that the conviction is material to the offense charged. However, we hold that the admission of Overton's testimony as to her conviction for adultery in Colorado was properly admitted where she had previously testified, without objection, that she had not been so convicted. She waived objection on this subject matter by answering, without objection, the prior question as to whether she had received such a conviction. *See Cisneros v. State,* 692 S.W.2d 78, 82–83 (Tex.Crim.App.1985). We overrule point of error number two.

Overton contends in point of error number one that the trial court erred by denying her request for the preparation of a presentence report after admonishing her before the entry of her guilty plea that she was entitled to one.

In connection with the taking of Overton's guilty plea, the trial court admonished her that "[y]ou also have a right to have a presentence investigation made possible in this matter should the Court get to the sentencing phase of the proceedings. Do you understand that?" Overton said that she did.

During the course of proceedings Overton requested a presentence investigation. After the close of evidence at the punishment stage of the proceedings, but before the imposition of sentence, the trial court denied Overton's request for a presentence investigation.

■ The Texas Court of Criminal Appeals has held that a plea is involuntarily induced when a trial court voluntarily includes in its admonishment inaccurate information with respect to the availability of probation, leaving the defendant unaware of the consequences of the plea, and the defendant makes an objective showing that he was misled or harmed by the inaccurate admonishment. *Ex parte Williams,* 704 S.W.2d 773, 776–77 (Tex.Crim.App.1986). We adopt the same standard where the trial court incorrectly advises the defendant that a presentence investigation will be ordered.

■ We therefore consider whether Overton has established that she was harmed or misled by the inaccurate admonishment. We note that Overton was aware prior to the imposition of sentence that there was not going to be a presentence investigation. While she objected to the court's failure to order such a report, she did not withdraw her plea or attempt to withdraw her plea after learning that the trial court was not going to order such an investigation. Considering the record of the plea as a whole, therefore, we hold that Overton's plea was voluntary and that she was not misled or harmed by the trial court's inaccurate admonishment as to the preparation of a presentence investigation, at least as it relates to the voluntariness of the plea.

■ Overton acknowledges that the trial court need not order a presentence investigation if it finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains the finding on the record. TEX.CODE CRIM.PROC. ANN. art. 42.12, sec. 9(b)(2) (Vernon Supp. 1991). She complains that the evidence recited by the trial court is inadmissible, as noted in her point of error number two. As we have noted, Overton waived any error as to the admissibility of the evidence of which she now complains.

■ Overton further complains that the trial court did not direct the probation department to conduct an evaluation to determine the appropriateness of alcohol or drug rehabilitation and to report that evaluation to the court as required by TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 4(h), the provision in effect at the time of the trial.

Act effective Sept. 1, 1985, 69th Leg., R.S., ch. 427, sec. 1, 1985 Tex.Gen.Laws 1531, 1536, *amended and relettered by* Act effective Sept. 1, 1989, 71st Leg., R.S., ch. 785, sec. 4.17, 1989 Tex.Gen.Laws 3471, 3502–503 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 9(h) (Vernon Supp.1991) requiring an evaluation to determine the appropriateness of an alcohol or drug rehabilitation program).

In a prosecution under TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp. 1991), article 42.12, sections 4(a) and 4(h) (current versions at TEX.CODE CRIM. PROC.ANN. art. 42.12, secs. 9(a) and 9(h) (Vernon Supp.1991)), provided for a presentence report consisting of the circumstances of the offense and the criminal and social history of the defendant, as well as other related information, and, additionally, a report of the evaluation as to the appropriateness of alcohol or drug rehabilitation for the defendant. As we have noted, the trial court declined to order a report as to the circumstances of the offense and the criminal and social history of the defendant because there was sufficient information in the record to permit the meaningful exercise of its sentencing discretion. The trial court's action was justified by TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 4(b) (Vernon Supp.1989), which has been relettered without change as TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 9(b) (Vernon Supp.1991). However, there was no statutory justification for the trial court to have declined to order the evaluation required by the 1989 version of article 42.12, secs. 4(a) and 4(h).

The trial court stated that it was not ordering such an evaluation because it was not required to do so since under the facts it would not consider probation. As we understand the statutory scheme applicable at the time of trial, as well as the current statutory scheme found in the current version of the Texas Code of Criminal Procedure article 42.12, section 9(h), the purpose for the evaluation was and is to assist the court in making its decision on the question of probation. Instead of considering such an evaluation in its decision on punishment, as contemplated by the statute, the trial

court predetermined the issue of probation, and then used its predetermination as a basis for denying the evaluation. We hold that the trial court erred by not ordering the evaluation as required. The State does not address the issue of the trial court's denial of this aspect of the presentence report. Considering all of the circumstances, including the fact that Overton did not receive probation, we cannot say beyond a reasonable doubt that the trial court's error did not contribute to the punishment assessed. We sustain point of error number one.

The judgment is reversed and the cause remanded for the proper assessment of punishment.