**George Washington FUGETT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–064–CR.**

Court of Appeals of Texas,
Fort Worth.

June 1, 1993.

Hill, Beatty, Butcher & Gallagher, John C. Beatty, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Danielle A. LeGault, Asst., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

## OPINION

HILL, Chief Justice.

George Washington Fugett appeals his conviction by a jury of the offense of aggravated robbery with a deadly weapon, a bat. Upon Fugett's plea of true to the enhancement and habitual counts of his indictment, the trial court assessed his punishment at forty years in the Texas Department of Criminal Justice, Institutional Division.

Fugett contends in five points of error that: (1) the evidence is insufficient to support the finding that a deadly weapon was used or exhibited during the course of the offense and is insufficient to convict him under the law of parties; (2) the trial court erred by admitting evidence of an extraneous offense and of the co-defendant's previous felony convictions; and (3) the court erred by failing to order the preparation of a presentence investigation.

We affirm because we hold that: (1) the evidence is sufficient to support Fugett's conviction as a party for the offense of aggravated robbery with a deadly weapon; (2) Fugett did not preserve error as to any testimony of an extraneous offense or to any evidence of his companion's prior felony convictions; (3) any error in the admission of any such evidence did not, beyond a reasonable doubt, contribute either to Fugett's conviction or to his punishment; and (4) Fugett failed to preserve error as to the trial court's failure to order a presentence report, but, in any event, the trial court was not required to order such a report because Fugett was ineligible for probation.

Fugett contends in point of error number one that his conviction is invalid because the evidence is insufficient to support the finding that a deadly weapon was

used or exhibited during the commission of the offense.

The complainant was robbed by appellant and his companion while he was using the telephone at a convenience store near his home. It is undisputed that during the commission of the robbery, by appellant and his companion, the companion took a baseball bat, brought it up between the complainant's legs and hit him in the groin, then swung the bat a second time and hit the complainant above his right knee. The complainant apparently stopped a third effort to hit him with the bat.

A deadly weapon is, among other things, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). Two police officers expressed their opinion that the bat, as used by Fugett's companion, was a deadly weapon as defined. Neither officer was questioned as to his qualifications to express such an opinion, nor was either cross-examined as to the basis for that opinion.

Viewing the evidence in a light favorable to the jury's verdict, we must determine whether a rational jury could have found this essential element of the offense beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). We hold that a rational jury could determine from this testimony that when a baseball bat is swung between the legs into a male's groin area, it is by its use capable of causing serious bodily injury. Consequently, a rational jury could determine that such a bat is a deadly weapon as defined. *See Jackson v. State*, 668 S.W.2d 723 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).

We decline to adopt Fugett's argument that the bat could not have been a deadly weapon since Fugett did not actually suffer serious bodily injury, nor his argument that the bat could not have been a deadly weapon since the victim may not have been in fear that he was going to suffer serious bodily injury. We overrule point of error number one.

Fugett urges in point of error number two that the evidence is insufficient to support his conviction as a party to the offense of aggravated robbery with a deadly weapon.

The victim testified that while he was using the telephone at a convenience store Fugett approached with a companion and told him that he needed to use the phone. When the victim told him that he would be off in a minute, Fugett hung up the phone and told the victim to empty his pockets. The victim refused. At that point Fugett's companion told the victim that the victim had a broken arm and that he, Fugett's companion, had "this," then reached around the corner for the baseball bat.

The victim testified that at that point both Fugett and his companion were trying to get him cornered and up against the building and the ice machine. While Fugett's companion and the victim were struggling for possession of the victim's wallet, the companion struck the victim in the groin with the bat and then hit him on the leg. The victim said that he heard someone say "get him." Although he could not say that it was Fugett who said it, he did say that Fugett and his companion were the only two people standing there.

While Fugett acknowledges that the evidence is sufficient to show theft and even robbery, he argues that it is not sufficient to show that Fugett aided in robbery with a deadly weapon. We hold that from this evidence a rational jury could conclude that Fugett assisted his companion in the robbery of the victim with a deadly weapon.

Fugett argues that the victim's testimony was contradictory because he said both that the two men were trying to get him cornered, while also saying that Fugett backed off because his companion was swinging the bat. We conclude that a rational jury could have determined that, after the companion picked up the bat, he and Fugett were trying to corner the victim, but that Fugett backed off, when his companion started swinging the bat, to avoid

getting hit. We overrule point of error number two.

■ Fugett insists in point of error number three that the trial court erred by admitting testimony by the clerk of the convenience store that Fugett and his companion had been in the store earlier in the evening and had been acting suspiciously. Fugett's counsel only objected to one question of the clerk concerning whether he knew the names of the two men. His only stated objection was that he did not know what the prosecutor was trying to establish. The trial court overruled the objection.

After extensive testimony by the clerk as to the activity of Fugett and his companion, Fugett's counsel, outside the jury's presence, moved for a mistrial because the testimony suggested to the jury that Fugett and his companion were about ready to rob the clerk at the store. The trial court denied his motion for mistrial.

■ We hold that Fugett's one general objection was insufficient to preserve error. We note that he never objected to the testimony on the basis now urged in this appeal, nor did he ask the court to determine that the evidence's probative value was substantially outweighed by its prejudicial effect, nor did he request any instruction that the jury disregard the testimony. We hold that Fugett failed to preserve any error in the introduction of this testimony. Additionally, based upon the criteria set forth in *Harris v. State*, 790 S.W.2d 568, 585–87 (Tex.Crim.App.1989), we hold beyond a reasonable doubt that any error in the admission of this testimony was harmless because it did not contribute to his conviction or to the punishment assessed. We overrule point of error number three.

Fugett argues in point of error number four that the trial court erred in admitting evidence of his companion's prior felony convictions. The trial court had granted Fugett's motion in limine that had requested the district attorney be ordered to refrain from mentioning or alluding to the fact that Fugett, his companion, or any person associated with him has been charged with, indicted, or convicted of any

other offense. However, upon cross-examination by the prosecutor, Fugett, after testifying that he himself had five prior felony convictions, was asked and testified that his companion was a habitual criminal who had been down several times. Fugett's counsel made no objection to the testimony.

■ Generally, the granting of a motion in limine is insufficient to preserve error in the admission of testimony, it being necessary to object on the proper grounds when the evidence is offered during trial. *Harrington v. State*, 547 S.W.2d 616, 620 (Tex.Crim.App.1977). We also conclude beyond a reasonable doubt that the admission of this evidence did not contribute to Fugett's conviction or to the punishment assessed. We overrule point of error number four.

■ Fugett contends in point of error number five that the trial court erred by failing to order a presentence investigation. Fugett did not object to the absence of such a report. Consequently, he has failed to preserve error as to this issue. *Matthews v. State*, 803 S.W.2d 347, 350 (Tex. App.—Houston (14th Dist.] 1990, no pet.). Also, as in *Matthews*, the trial court did not have to order a presentence report because Fugett was not eligible for probation. *Id.*

Fugett relies on this court's opinion in *Overton v. State*, 815 S.W.2d 895, 898 (Tex. App.—Fort Worth 1991, no pet.). We find *Overton* to be distinguishable both because Overton objected to the lack of a report and because Overton was eligible for probation. We overrule point of error number five.

The judgment is affirmed.