TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00671-CR







George Edward Dann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46915, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 After the jury found appellant guilty of aggravated sexual assault, Tex. Penal Code Ann.
§ 22.021 (West 1994), the trial court assessed punishment at confinement for sixty years. In a single point
of error, appellant contends the trial court erred in overruling his objection to the non-responsive answer
of a State's witness that related to an extraneous offense of sexual assault of a child. We will overrule
appellant's point of error and affirm the judgment of the trial court.

 While the sufficiency of the evidence to support the conviction is not challenged, a review
of the evidence is desirable for a better understanding of our consideration of appellant's point of error. 
The victim, age 12 at the time of trial in 1997, testified that in the summer of 1993 she lived near Belton
Dam with her mother, her mother's boyfriend, her brother and her sister. The victim spent a number of
nights at the home of appellant and his wife (or girlfriend) because she liked to play with their small children. 
She slept on a "couch-bed" in the living room. The victim stated that appellant would get in bed with her,
rub her private parts and stick his finger "between the lips" of her private parts.

 The victim was afraid to tell her mother. The first people to whom she made mention of
the events were "peer mediators" (1) in her class in the Gatesville school she was attending. The "peer
mediators" reported the victim's story to their teacher who in turn reported to school counselor Nancy
Russell. Russell testified that after she visited with the victim, she contacted the Child Protective Services
and the victim's mother.

 On October 30, 1996, George Moffat, investigator with the Bell County Sheriff's Office,
interviewed the victim in her home. Moffat testified that he took a statement from the victim about the
alleged instances of sexual abuse. Moffat, along with the victim, went to the Dann's house where Moffat
found a receipt bearing appellant's name. After returning to his office Moffat related that he was able to
locate appellant's name in the jail computer. Moffat interviewed people to whom the victim had talked in
the Gatesville school system and failed to find any evidence inconsistent with the allegations made by the
victim. No evidence was offered during the trial to contradict the victim's statements.

 The following colloquy occurred during defense counsel's cross-examination that forms the
basis of appellant's point of error:


Q: [defense counsel] During your investigation did you discover that there were any
other people living at the house of George Dann at the time of this alleged event?


A: [Moffat] There was his -- according to the victim -- there was his wife, infant child
and a five-year old boy at that time in '93.


Q: From your investigation did you ever find out the name of that woman?


A: No, I didn't.


Q: This woman, this adult woman would have been an eyewitness, correct?


A: That's correct.


Q: What reason did, did you have for not trying to contact her?


A: When I located the name Ed Dann [appellant], when I located him in our county jail
computer and located he was in a Dalehart prison unit. There was no -- there was
another report, a prior report of sexual assault that we had investigated on him. 
There was no mention of a wife. There was --


MR. LIBERSKI: Objection your Honor. May we approach the bench?


THE COURT: Make your objection.


MR. LIBERSKI: I object that the motion in limine has been violated.


THE COURT: You asked the question. Go ahead and proceed.



 The trial court had granted appellant's pre-trial motion requesting the trial court to instruct
the prosecutor and the witnesses to not make any direct or indirect references to extraneous crimes or
misconduct.

 Generally, the granting of a motion in limine is insufficient to preserve error in the admission
of testimony, it being necessary to object on the proper grounds when the evidence is offered during trial. 
See Fugett v. State, 855 S.W.2d 227, 230 (Tex. App.--Fort Worth 1993, pet. ref'd); West v. State,
790 S.W.2d 3, 4 (Tex. App.--Fort Worth 1989, pet. ref'd). While it may be urged that the basis of
appellant's objection was apparent from a reading of the record, it must be remembered that the trial court
does not have this luxury when it is faced with the responsibility of ruling in the midst of trial. This would
appear to be the rationale for the rule that requires that the complaining party must set out the grounds for
the ruling he seeks with such specificity as to make the trial court and opposing counsel aware of the
complaint. See Tex. R. App. P. 33.1(a)(1). In addition, if the trial court refuses to rule on the objection,
the complaining party must object to the refusal. See Tex. R. App. P. 33.1(a)(2)(B). To preserve error
for appeal, the complaint on appeal must comport with the complaint made in the trial court. See Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The term "non-responsive answer" was not
mentioned in appellant's objection made in the trial court.

 Assuming arguendo that appellant's contention is before us for review, we consider whether
Moffat's answer was responsive to appellant's question. The thrust of appellant's cross-examination
appears to have been directed toward showing that Moffat's investigation was not as thorough as it should
have been. Appellant's question, asking why Moffat had not contacted the woman who was living with
appellant at the time, was an open-ended question that called for a complete response. Moffat had
previously testified without objection that he had located appellant's name in the jail computer. Given the
fact that defense counsel had implied that the officer lacked diligence in investigating the case, the officer
could reasonably have been expected to explain in some detail why he had not tried to contact the woman. 
Under these circumstances, we are unable to say that Moffat's answer was not responsive to the questions. 
Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: July 16, 1998

Do Not Publish


















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. The record shows that "peer mediators" were students teachers believed to be responsible, whose
duties were to help fellow students who were having problems.



sked the question. Go ahead and proceed.



 The trial court had granted appellant's pre-trial motion requesting the trial court to instruct
the prosecutor and the witnesses to not make any direct or indirect references to extraneous crimes or
misconduct.

 Generally, the granting of a motion in limine is insufficient to preserve error in the admission
of testimony, it being necessary to object on the proper grounds when the evidence is offered during trial. 
See Fugett v. State, 855 S.W.2d 227, 230 (Tex. App.--Fort Worth 1993, pet. ref'd); West v. State,
790 S.W.2d 3, 4 (Tex. App.--Fort Worth 1989, pet. ref'd). While it may be urged that the basis of
appellant's objection was apparent from a reading of the record, it must be remembered that the trial court
does not have this luxury when it is faced with the responsibility of ruling in the midst of trial. This would
appear to be the rationale for the rule that requires that the complaining party must set out the grounds for
the ruling he seeks with such specificity as to make the trial court and opposing counsel aware of the
complaint. See Tex. R. App. P. 33.1(a)(1). In addition, if the trial court refuses to rule on the objection,
the complaining party must object to the refusal. See Tex. R. App. P. 33.1(a)(2)(B). To preserve error
for appeal, the complaint on appeal must comport with the complaint made in the trial court. See Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The term "non-responsive answer" was not
mentioned in appellant's objection made in the trial court.

 Assuming arguendo that appellant's contention is before us for review, we consider whether
Moffat's answer was responsive to appellant's question. The thrust of appellant's cross-examination
appears to have been directed toward showing that Moffat's investigation was not as thorough as it should
have been. Appellant's question, asking why Moffat had not contacted the woman who was living with
appellant at the time, was an open-ended question that called for a complete response. Moffat had
previously testified without objection that he had located appellant's name in the jail computer. Given the
fact that defense counsel had implied that the officer lacked diligence in investigating the case, the officer
could reasonably have been expected to explain in some detail why he had not tried to contact the woman. 
Under these circumstances, we are unable to say that Moffat's answer was not responsive to the questions. 
Appellant's point of error is overruled.

 The judgment is affirmed.