Trent OHarold Polk v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-168-CR

     TRENT OHAROLD POLK,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 179th District Court
Harris County, Texas
Trial Court # 758,546
                                                                                                                          
                                                                                                       
O P I N I O N
                                                                                                                         
  
      Appellant Polk appeals his conviction for aggravated robbery for which he was sentenced to 16 years
in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $5,000.
      On July 20, 1997, Appellant went into the restroom of a Houston restaurant and waited for someone
to enter. Timothy Lozano entered the restroom and as he was about to leave Appellant exhibited a knife
and demanded his money. Lozano handed over his wallet. As soon as Appellant left the restroom, Lozano
walked out, told the manager to call the police, and chased Appellant. When Appellant saw Lozano chasing
him, he dropped the wallet and continued running. Police later arrested Appellant and he was indicted for
aggravated robbery.
      At trial on November 4, 1997, Appellant pled guilty to aggravated robbery in an open plea. The trial
court found the evidence sufficient to sustain a finding of guilty but deferred adjudication and ordered a
presentence investigation.
      On April 8, 1998, after the PSI was received, the court called the case for the punishment phase, found
appellant guilty, sentenced him to 16 years in prison, and assessed a $5,000 fine. The court made an
affirmative finding that a deadly weapon was used in the commission of the offense.
      By new counsel Appellant appeals on two points of error.
      (1)  The trial court erred by failing to consider the contents of the presentence investigation report
prior to sentencing the appellant.
      (2)  The trial court’s failure to consider the contents of the presentence investigation report denied
appellant his constitutional right to equal protection and due process.
      Specifically, Appellant contends that since he applied for probation, a PSI report is mandatory, and
the trial court is required to consider its contents before assessing punishment; and “since Appellant cannot
prove the negative, it is his position that the record should affirmatively show that the court did consider
the contents of the PSI report.”
      The record does not reflect that the trial judge did not review the PSI report prior to sentencing
Appellant.
      At the beginning of the April 8 punishment hearing, the trial judge stated that “he had ordered a
presentence investigation; that such report had been returned, and [Appellant’s] attorney has had an
opportunity to examine it and make additions, deletions, or corrections as he saw fit.”
      Additionally, the docket sheet of the April 8 hearing is contained in the Clerk’s record and, although
unsigned, states:
Comes on to be heard defendant’s PSI hearing – witnesses sworn – and testimony heard. Both
sides rested and closed. Defense argument heard. State argument heard. Court having heard all
testimony & considering the PSI, found the defendant guilty and assessed 16 years in TDC +
$5000 fine.

      We think the record shows that the court did read and consider the PSI. Absent a showing to the
contrary, there is a presumption of regularity attending the proceedings in the trial court. Ex parte Stacey,
709 S.W.2d 185, 189 (Tex. Crim. App. 1986); Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App.
1982); Schneider v. State, 594 S.W.2d 415, 418 (Tex. Crim. App. 1980).
      Absent an indication to the contrary, this court should also presume that the PSI was reviewed by the
trial court prior to sentencing. Wright v. State, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref’d).
      There is no showing to the contrary in this record. Furthermore, there was no objection to the trial
court’s alleged failure to review the PSI report, and no error has been preserved for review. Fugitt v. State,
855 S.W.2d 227, 230 (Tex. App.—Fort Worth 1993, no pet.); Wright, supra at 83; Turner v. State, 805
S.W.2d 423, 431 (Tex. Crim. App. 1991).
      Appellant’s two points of error are overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 26, 1999
Do not publish