11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael Duane Adams

Appellant

Vs.                   No.
11-01-00045-CR B Appeal from Dallas County

State of Texas

Appellee

 

Appellant
entered an open plea of guilty before the trial court to theft of property
valued at less than $1,500.  Appellant
also pleaded true to 2 prior theft offenses alleged for enhancement.  The trial court sentenced appellant to
confinement for 8 years.  Appellant
appeals.  We reform and affirm.

The record
shows that appellant committed the thefts to get money to supply his heroin
addiction.  

In his
first issue, appellant contends that the trial court erred by not complying
with TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 9(h) (Vernon Supp. 2001) which provides in part:

On a
determination by the judge that alcohol or drug abuse may have contributed to
the commission of the offense, the judge shall direct a supervision officer
approved by the community supervision and corrections department or the judge
or a person, program, or other agency approved by the Texas Commission on
Alcohol and Drug Abuse, to conduct an evaluation to determine the
appropriateness of, and a course of conduct necessary for, alcohol or drug
rehabilitation for a defendant and to report that evaluation to the judge.

 








A
presentence investigation report as required by TEX. CODE CRIM. PRO. ANN. art.
42.12, ' 9(a) (Vernon Supp. 2001) was filed in this
case.  The supervision officer making
the report interviewed appellant and discussed the details of appellant=s drug abuse history and prior attempts at
rehabilitation.  The report listed
possible rehabilitation options should the trial court choose to place
appellant on community supervision.  The
officer filing the report noted that appellant had a serious problem with
heroin and alcohol, had received treatment in the past, and had relapsed for
various reasons.  The officer=s report stated: AEvidently the defendant has a serious problem
with alcohol and drugs.  He has received
treatment in the past, and relapsed for various reasons.  Sentencing hereby is deferred to the Court.@  We
hold that the presentence investigation report complies with Article 42.12,
section 9(h).

Appellant=s reliance on Overton v. State, 815 S.W.2d
895 (Tex.App. - Fort Worth 1991, no  pet=n), is misplaced.  In Overton, the trial court refused to order a presentence
investigation report, including a drug or alcohol evaluation, despite the
defendant=s request for such report.  There, the trial court reasoned that it
should not order a presentence investigation report, including a drug or
alcohol evaluation, because, under the facts in that case, the court would not
consider probation.

If,
however, we should be in error and if the trial court in this case should have
ordered a second report containing a more specific evaluation to determine the
appropriateness of alcohol or drug rehabilitation, we hold that such assumed
error was harmless.   We should not
reverse a criminal conviction for non-constitutional error if we decide, after
examining the entire record, that the error did not influence the trial court,
or had but a slight effect.  TEX.R.APP.P.
44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App.1998); King v.
State, 953 S.W.2d 266 (Tex.Cr.App.1997).

The
presentence investigation report and the testimony of appellant provided the
court with sufficient information regarding the appropriateness of treatment in
this case.  Appellant had been addicted
to heroin for more than 25 years. 
Appellant was on parole when he committed the instant offense.  Appellant had been to the penitentiary on 5
previous occasions, each of which he attributed to his heroin addiction.  Appellant was paroled to a treatment
facility, and he spent 9 months receiving treatment at that facility.  Upon release, he relapsed within 8 months.  Appellant had participated in several
out-patient drug rehabilitation programs without success.  The trial court told appellant that it would
assist him in obtaining treatment both while he was incarcerated and as a
condition of parole.  We hold that the
absence of additional information prior to the imposition of punishment was harmless.  Appellant=s first issue is overruled.








Appellant
next urges that he received ineffective assistance of council.  Appellant raises the point because the court
in Wright v. State, 873 S.W.2d 77, 83 (Tex.App. - Dallas 1994, pet=n ref=d), held that the failure to object to the trial court=s failure to request a presentence
investigation report waived the alleged error on appeal.  In the instant case, appellant=s counsel did not object to the trial court=s failure to direct a proper officer to
conduct an evaluation to determine the appropriateness of a drug or alcohol
rehabilitation study for appellant and to report that evaluation to the trial
court as provided for in Article 42.12, section 9(h).

We have
held that the presentence investigation report that was filed with the trial
court satisfied the requirements contained in Article 42.12, section 9(h).  Therefore, there was no error and no need to
object.  However, again assuming that
the trial court erred in not ordering an additional report, we would also hold
that the alleged error was waived because trial counsel did not object.  Wright v. State, supra.

To prove
ineffective assistance of counsel, appellant must show that counsel=s performance failed to constitute Areasonably effective assistance@ and that there was a reasonable probability
that but for counsel=s
unprofessional error, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770, 772 (Tex.Cr.App.1999).  It is presumed that counsel acted within the
wide range of reasonable professional assistance.  Flores v. State, 18 S.W.3d 796, 799 (Tex.App. - Austin 2000, no
pet=n). 
Under the facts in this record, trial counsel=s failure to object to the trial court=s not ordering a second report, even if it
was error, did not render counsel=s assistance ineffective. 
Appellant=s second issue is overruled.

Lastly,
appellant points out, and the State agrees, that the judgment should be
reformed to reflect that appellant was convicted of a state jail felony and not
a third degree felony as stated in the judgment.  We agree.  The judgment is
reformed by replacing the word ATHIRD@ with ASTATE JAIL@ where
the degree of offense is listed.  See
TEX.R.APP.P. 43.2(b); Asberry v. State, 813 S.W.2d 526 (Tex.App. - Dallas 1991,
pet=n ref=d).

The
judgment of the trial court is reformed and, as reformed, affirmed.

 

AUSTIN
McCLOUD

December 13, 2001                                                     SENIOR
JUSTICE

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.