IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00035-CR

 

In re
David Jones, Jr.

 

 



Original Proceeding

 

No. 10-06-00343-CR

 

David Jones, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-964-C

 



MEMORANDUM  Opinion










 

            Relator David Jones, Jr. seeks
mandamus relief regarding the trial court's August 18, 2006 Order with an
attached Bill of Cost totaling $8,457.22 authorizing payments to be made toward
this amount from Jones’s inmate trust fund account.  Jones’s “application” for
writ of mandamus alleges that on January 27, 2004, he was convicted of
attempted burglary of a habitation and sentenced to 70 years in prison.  He
states that costs were originally assessed at $393.  

            In light of In re Keeling, —
S.W.3d —, 2007 Tex. App. LEXIS 4435 (Tex. App—Waco June 6, 2007, orig.
proceeding), Jones was not afforded procedural due process before entry of the
August 18, 2006 Order, and that order is void.  Any funds removed from Jones’s
inmate account must be returned to his account.  Accordingly, we conditionally
grant mandamus relief, and the writ will issue only if the trial court fails to
vacate its August 18, 2006 Order and fails to order the return of any removed
funds within fourteen days from the date of this opinion.

            Prior to filing this mandamus
proceeding, Jones filed an appeal with this Court from the same trial court
order.  Because of the disposition of this mandamus proceeding, that appeal,
number 10-06-00343-CR, is dismissed as moot.

 

                                                                                    PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Writ
granted

Appeal
dismissed

Opinion
delivered and filed August 8, 2007

Do
not publish

[OT06]
[CV06]






an>
      In Cause No. 10-95-132-CR the trial court sentenced Appellant to two years in State jail,
probated for five years.
      Appellant appeals his convictions and sentences in all five cases.
      In Cause No. 10-95-129-CR Appellant appeals on two points of error:
      Point I: "The trial court erred in assessing punishment without sentencing the appellant."
      As noted, the five cases in which Appellant was the defendant, were tried together. After
both sides closed and argument had been waived, the court asked if there was any reason why the
defendant should not be sentenced on these cases at this time. The trial counsel answered, "none." 
The court then ordered the defendant transferred to the Texas Department of Criminal Justice to
be confined for ninety-nine years, and a fine of $1,000 in the new burglary cases or until "your"
sentences are discharged according to law.
      On the same day, March 3, 1995, the court signed a written judgment which stated:
Thereupon the defendant was asked by the court whether he had anything to say why
sentence should not be pronounced against him, and he answered nothing in bar
thereof, and it appearing to the court that defendant is mentally competent and
understanding of the proceedings, the court proceeded in the presence of said
defendant, his counsel also being present, to pronounce sentence against him.

      The record reflects that the court assessed Appellant's punishment and sentenced him as
required by law. Five cases were being handled at the same time, and the court only referred to
these cases when pronouncing sentence. Point I in Cause No. 10-95-129-CR is overruled.
      Point II: "Appellant received ineffective assistance of counsel when trial counsel failed to
object to the State's circumventing the agreement between the State and the appellant, and trial
counsel failed to make an argument at conclusion of the punishment hearing for a sentence less
than life."
      The standard of review when ineffective assistance of counsel is alleged is set out in Strickland
v. Washington, 466 U.S. 688 (1984), and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). These cases require a showing that counsel's performance was deficient by norms
of the community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on the appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1981).
      Appellant claims counsel was ineffective for letting the State go behind an alleged agreement
between Appellant and the State and inform the court he had committed more offenses than those
for which he was on trial. Counsel had no reason to object because the prosecutor did not violate
any agreement to which the State was a party. Any agreement was between Appellant and a police
officer, the agreement being that the police officer would not file more cases if Appellant
confessed to the three offenses the police officer had already filed.
      Defendant pled guilty to five felony indictments, four enhanced by a prior felony conviction
to which Appellant pled "true." Given the fact that the record established conclusively that
Appellant was an habitual criminal; that he was addicted to drugs and has been so addicted since
he was about nine years old; there was no reason for trial counsel to present a final argument on
punishment.
      After reviewing the totality of trial counsel's representation in this case, it is clear that counsel
was competent and effective. Point II in Cause No. 10-95-129-CR is overruled.
      In Case No. 10-95-130-CR Appellant appeals on three points of error.
      Point I: "Forcing the appellant, an indigent, to be punished by a fine of $1,000 constitutes
cruel and unusual punishment." 
      As noted, the trial court sentenced Appellant to ninety-nine years in prison and a fine of
$1,000. The fine assessed against Appellant is not unconstitutional, cruel, or unusual because
such punishment was within the statutory range and there is nothing in the record to show that
Appellant is currently imprisoned due to any failure to pay the fine. Braudrick v. State, 572
S.W.2d 709, 711 (Tex. Crim. App. 1978), cert. denied, 440 U.S.923 (1979). Point I in Cause
No. 10-95-130-CR is overruled.
      Point II is identical to Appellant's Point II in Cause No. 10-95-129-CR, supra, and contends
that Appellant received ineffective assistance of counsel in this case. Our discussion under Point
II in the prior case is applicable here, and is adopted. Point II in Cause No. 10-95-130-CR is
overruled.
      Point III: "The trial court's failure to order a presentence report before sentencing the
appellant requires a new trial."
      Appellant entered a plea of guilty and a plea of "true" to the enhancement paragraph. His
judicial confession was admitted into evidence. The record established Appellant was an habitual
criminal with at least six felony convictions; that he was a hard drug addict, and had been all of
his adult life.
      The trial court did sentence Appellant without ordering or receiving a presentence
investigation report. No objection was made at trial by Appellant to his being sentenced without
the court having a PSI prepared before sentencing. Tex. R. App. P. 52(a) provides that "in order
to preserve a complaint for appellate review, a party must have presented to the trial court a timely
request, objection or motion." Appellant did not object and thus failed to preserve any error. 
Matthews v. State, 803 S.W.2d 347, 350 (Tex. App.—Houston [14th Dist.] 1990, no pet.); Fugett
v. State, 855 S.W.2d 227, 230 (Tex. App.—Fort Worth 1993, no pet.). Moreover, any error was
harmless. The proper use of a PSI is to enable the trial court to pass on the issue of probation,
not to determine the punishment to be assessed. Green v. State, 617 S.W.2d 253, 255 (Tex.
Crim. App. 1981). Given Appellant's extensive criminal record and the punishment assessed in
the five cases tried together here, the lack of a PSI could in no way have harmed Appellant. Tex.
P. App. P. 81(b)(2). Point III in Cause No. 10-95-130-CR is overruled.
      In Cause No.95-131-CR Appellant appeals on three points of error. These three points are
identical to the three points appealed on in Cause No. 10-95-130-CR. Our discussion under the
three points in Cause No. 10-95-130-CR is applicable here, and is adopted. Points I, II and III
Cause No. 10-95-131-CR are overruled.
      In Cause No. 10-95-133-CR Appellant appeals on three points of error. These three points
are identical to the three points Appellant appeals on in Nos. 10-95-130-CR and in 10-95-131-CR. 
Out discussion under the points in those cases is applicable here, and is adopted. Points I, II and
III in Cause No. 10-95-133-CR are overruled.
      In Cause No. 10-95-132-CR Appellant appeals on three points of error. Points I and II are
identical to Points I and II in Nos. 10-95-130-CR and in 10-95-131-CR. Our discussion under the
two points in those cases in applicable here, and is adopted. Points I and II in Case No. 10-95-132-CR are overruled.
      Point III: "The trial court's failure to write Appellant's true name in the indictment is and
ought to be reversible error." 
      The grand jury indicted Appellant under the name of "Brian Scot Perry." At his trial,
Appellant told the court that his true and correct name was Daniel Lee Boss. The court stated that
it had changed Appellant's name on the minutes of the court and on the docket sheet, but his name
on the indictment was not changed. Appellant made no objection to the failure of the court to
correct the indictment and complains of this for the first time on appeal.
      The purpose of naming the accused in an indictment is for his identification. It is a matter of
form which can easily be altered at the election of the accused. Since this is so, should the accused
suffer this defect of form to remain in the indictment, he must suffer the consequences of his
election, unless the defect is such as to prejudice his substantial rights. Jones v. State, 504
S.W.2d 442, 444 (Tex. Crim. App. 1976).
      Appellant, by not objecting to the failure of the trial court to physically correct his name on
the indictment, has waived any right to complain on appeal. Tex. R. App. P. 52(a). Moreover,
the trial court's failure to place Appellant's true name on the indictment was harmless under Tex.
R. App. P. 81(b)(2). Point III in Cause No. 10-95-132-CR is overruled.
      All of Appellant's points and contentions having been overruled, the judgments in all five
cases are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 19, 1995
Do not publish