Wendall Leon PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–99–00939–CR, 01–99–00940–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 25, 2001.

Alan Cohen, Arthur L. Jackson, Houston, for Appellant.

John B. Holmes, District Attorney, Carol M. Cameron, Assistant District Attorney, for the State.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.*

**OPINION**

MARGARET GARNER MIRABAL, Justice.

A jury found Wendall Leon Phillips guilty of robbery and assessed punishment at 20 years confinement plus a $10,000 fine. Further, the trial court revoked appellant's community supervision, which had been granted for the offense of theft from person, and assessed punishment at two years confinement. The trial court also granted the State's motion to cumulate the sentences, ordering that the 20–year sentence would begin to run after

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The robbery offense: Appellate Cause No. 01–99–00939–CR; Trial Court Cause No. 793134.

appellant had served his two-year sentence for the offense of theft from person.

We affirm the robbery conviction;[1] we reform the judgment in the theft case in connection with the revocation of community supervision.[2]

**I. The Robbery—Testimony By Bailiff**

Appellant does not complain about the sufficiency of the evidence to support the robbery conviction. In points of error one and two, related only to the robbery case, appellant asserts the trial court erred by allowing a bailiff, Harris County Sheriff's Department Deputy Sumlin, to testify because "the rule" had been invoked. Deputy Sumlin testified about statements made to him by Terrence Mitchell, who also participated in the robbery and had already pled guilty, regarding appellant's use of a gun.

When the trial court invokes "the rule," it excludes witnesses from the courtroom pursuant to Rule 614, which provides in relevant part:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.

TEX.R. EVID. 614 (previously TEX.R.CRIM. EVID. 613 and TEX.CODE CRIM. PROC. ANN. art. 36.03). The purpose of the rule is to prevent the testimony of one witness from influencing the testimony of another. *Martinez v. State*, 867 S.W.2d 30, 40 (Tex. Crim.App.1993).

 The trial court must invoke the rule if requested to do so. TEX.R. EVID.

---

2. Revocation of community supervision (theft from person): Appellate Cause No. 01–99–00940–CR; Trial Court Cause No. 737833.

614. After the rule has been invoked, enforcement of the rule is within the trial court's discretion. *Guerra v. State*, 771 S.W.2d 453, 474–75 (Tex.Crim.App.1988); *Walker v. State*, 2 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A violation of the rule may not be relied upon for reversal of the case unless it is shown that the trial court abused its discretion in allowing the violative testimony. *Guerra*, 771 S.W.2d at 474–75; *Walker*, 2 S.W.3d at 658.

■ During the trial, the jury heard conflicting testimony from a number of witnesses about whether appellant exhibited a gun during the offense. Terrence Mitchell testified in the afternoon on June 29, 1999. He said that he and appellant snatched the victim's purse "on the spur of the moment." With regard to the gun issue, Mitchell said that although appellant was present at the robbery, appellant did not have a gun. According to Mitchell, neither of them had a gun the night of the robbery.

The next morning, the State prepared to call Deputy Sumlin as a witness regarding statements Mitchell made to him on June 29, after Mitchell had testified, regarding the use of a gun. Outside the presence of the jury, the trial court and the attorneys questioned Deputy Sumlin. Deputy Sumlin explained that he was a floating bailiff in the courts division, who had been assigned to the 338th District Court and had been present for appellant's trial.

Deputy Sumlin had heard most of the trial testimony. According to Sumlin, Mitchell made the disputed statements at approximately 4:40 p.m., right after Mitchell completed his testimony. Sumlin testified that Mitchell volunteered several statements to Sumlin as he escorted Mitchell to the court holdover facility. At approximately 5:15 p.m., the prosecutor learned that Deputy Sumlin had relevant information and then spoke with him.

The trial court then permitted Deputy Sumlin to testify before the jury regarding Mitchell's statements. According to Sumlin, Mitchell told him on the way to the holdover area, "I'm not going to help them convict that man, they already gave me ten years" and "yeah, he had a gun but I'm not going to tell them that."

■ The record shows that Deputy Sumlin had no personal knowledge of appellant's offense and there was no reason to believe he would be a witness in the trial at the time the rule was invoked. Rather, Deputy Sumlin became a witness during the trial after Mitchell made the disputed statements. When, as here, the witness was one who had no connection with either the State's or the defendant's case in chief and was not likely to be called as a witness because of a lack of personal knowledge regarding the offense, the trial court does not abuse its discretion in allowing the testimony. *Guerra*, 771 S.W.2d at 476. We conclude the trial court did not abuse its discretion by allowing Deputy Sumlin to testify.

We overrule points of error one and two.

## II. The Revocation—Credits for Time Served

In the remaining points of error, related only to the revocation case, appellant asserts the trial court erred by disallowing credits for two time periods he had already spent in custody. In point three, appellant complains he did not receive credit for the time he served before his plea (November 14–22, 1996). In point four, he complains that he did not receive credit for the time he served waiting for the hearing on the motion to revoke his community supervision (288 days).

The record shows that the revocation of community supervision arose as follows: appellant was charged by information with the felony offense of robbery, which occurred on November 14, 1996. After the State moved to reduce the offense to the state jail felony offense of theft from person, appellant pled guilty to the reduced offense pursuant to a plea bargain agreement. In a judgment signed November 22, 1996, the trial court accepted the guilty plea, and assessed punishment at two years in the State Jail Division, probated (now community supervision) for three years, plus a $200 fine. The State filed a motion to revoke community supervision and two amended motions.

On July 1, 1999, following a hearing (held as the jury deliberated in the punishment phase of the robbery trial), the trial court entered an order revoking community supervision and imposing punishment at two years in the State Jail Division. With regard to credit for time served, the trial court refused to give appellant "credit for any jail time that [appellant] served so far in [the revocation case]." Accordingly, appellant's two-year sentence for the offense of theft from person began July 1, 1999. The trial court did grant appellant credit for 288 days in the robbery case. The issue is whether appellant is entitled to double credit for time served.

## A. Pre–Plea Custody

In point of error three, appellant complains that he was not credited for the time he spent in custody between his initial arrest and his guilty plea, November 14–22, 1996.

■ Typically, the trial court has discretion to grant credit for this time pursuant to the Code of Criminal Procedure, which provides:

> A judge *may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon Supp.2001) (emphasis added). However, as the State acknowledges, the Court of Criminal Appeals has held that, pursuant to the equal protection clause of the Fourteenth Amendment, an inmate must receive credit for pretrial jail time if he was unable to post a bond due to his indigence where, as here, the inmate received the maximum sentence.[3] *See Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim. App.1997) (per curiam).

The State asserts *Harris* is not applicable here "because the appellate record does not reflect that the appellant was unable to post bond due to his indigence." The record shows that appellant was arrested on November 14, 1996, and his bond was set at $10,000.00. On November 15, 1996, at the probable cause hearing, an order was entered stating that appellant's bond "will remain at $10,000 ... and the defendant is ordered remanded to the custody of the Harris County Sheriff." On November 18, 1996, appellant petitioned the court to appoint counsel for him because he was "too poor to employ counsel," and the trial court appointed counsel for appellant the same day. Appellant pled guilty and was sentenced on November 22, 1996, receiving community supervision. We conclude the record shows appellant was in custody and unable to post bond due to indigence from November 14, 1996

---

**3.** *See* TEX. PEN.CODE § 12.35 (Vernon 1994) (stating maximum confinement for state jail felony is two years).

through November 22, 1996, a period of nine days.

Accordingly, under *Harris*, appellant is entitled to credit for those nine days. We sustain issue three.

## B. Custody Pursuant to Motion to Revoke

In point of error four, appellant claims he should receive credit for time in custody between his arrest on September 17, 1998, and the revocation of his community supervision on July 1, 1999, relying on *Ex parte Bates*, 978 S.W.2d 575, 576–78 (Tex. Crim.App.1998), and *Jimerson v. State*, 957 S.W.2d 875, 876–78 (Tex.App.—Texarkana 1997, no pet.).[4] However, both *Bates* and *Jimerson* are distinguishable because they each involved a defendant who was arrested on a warrant issued pursuant to a motion to revoke community supervision. *Bates*, 978 S.W.2d at 576; *Jimerson*, 957 S.W.2d at 876. Neither *Bates* nor *Jimerson* involved the confinement of a defendant on an arrest warrant for the commission of a separate felony offense, as here.

The State filed its original motion to revoke appellant's community supervision on November 24, 1997; however, appellant was not arrested on the revocation warrant. Rather, on September 17, 1998, appellant was arrested for aggravated robbery alleged to have been committed September 2, 1998, and bail was set at "no bond." Appellant remained incarcerated without bond through trial and sentencing on July 1, 1999.

It is true that the motion to revoke community supervision was carried with the aggravated robbery case, but appellant was not confined for the 288 days before the aggravated robbery trial *because of* the pending motion to revoke community supervision. The rationale of the courts in *Bates* and *Jimerson* was that a defendant has a constitutional right to a pre-revocation hearing, along with a right to waive such a hearing, and that allowing a trial judge the discretion to deny credit for time spent in jail before a revocation hearing might "chill the [defendant's] decision to exercise his constitutional right to a pre-revocation hearing," and consequently violate his right of due course of law under article I, section 19, of the Texas Constitution. *Bates*, 978 S.W.2d at 577–78; *Jimerson*, 957 S.W.2d at 877–78. Such concerns do not exist in the present case.

Appellant was confined pretrial without bond in connection with the aggravated robbery charge, and he received 288 days credit against his sentence in that case. Under the facts of this case, we hold the trial court had discretion under article 42.12, § 15(h)(2), to decide whether to also credit the 288 days against the sentence in the theft from person case. We conclude the trial court did not abuse its discretion when it denied the credit.

We overrule issue four.

## III. Conclusion

We affirm the robbery conviction.[5] We reform the judgment in the theft from person conviction[6] to state, "Time credited: 9 days," to reflect appellant's entitlement to nine days of credit against his two-year sentence of confinement in the

---

4. The *Jimerson* court held article 42.12, § 15(h)(2)'s grant of discretion not to credit time served to be unconstitutional under the facts of that case. 957 S.W.2d 875, 878 (Tex. App.—Texarkana 1997, no pet.). The *Bates* court agreed. 978 S.W.2d 575, 578 (Tex. Crim.App.1998).

5. Trial court cause no. 793134.

6. Trial court cause no. 737833.

State Jail Division; in all other respects, the judgment in the theft from person conviction remains intact.