Opinion issued May 20, 2004.











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00167-CR
____________
 
DAVID YWAIN YOUNG Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 925751
 

 
 
MEMORANDUM OPINION ON REHEARING
          We vacate our judgment of February 19, 2004, withdraw our previous opinion,
and issue the following one in its stead. Appellant’s motion for rehearing is denied.
          A jury found appellant, David Ywain Young, guilty of felony theft and
assessed punishment at confinement for two years. Appellant stipulated that he has
two prior convictions for felony theft. We affirm. 
          Appellant does not complain about the sufficiency of the evidence to support
the theft conviction. In two points of error, appellant asserts that the trial court erred
in allowing a bailiff, Harris County Sheriff’s Department Deputy Mike Garcia, to
testify because (1) Deputy Garcia was precluded from testifying because he was
serving as the bailiff for the jury who decided the punishment in the case and (2) “the
rule”


 had been invoked and the bailiff was present in the courtroom when appellant
testified. 
          During the punishment stage, appellant testified that many of his jail privileges
had been revoked in retaliation for the “numerous complaints” he had filed “within
the jail and also in the federal courts against Harris County Jail.” Appellant
acknowledged that he had filed a grievance against Deputy Garcia, the bailiff
assigned to the courtroom during his trial. He denied, however, that he had
complained that Deputy Garcia had brought him into the courtroom while appellant
was naked. After appellant rested during the punishment phase of trial, the State
called Deputy Garcia to testify in rebuttal. Appellant’s attorney objected arguing that 
I have an objection to make at this point in time. I am going to
object to them calling this deputy at this point in time. He is not on the
witness list. We had no knowledge that he was going to be called. He
has been sitting here throughout the testimony.
 
If we had known he was going to be called, we would have
invoked the Rule.


 And this rises to the level of undue surprise for us. 
We have no way to prepare ourselves for this witness at this point in
time. And we would object to them calling him. 

Without response from the State, the trial court responded that “the defendant opened
the door to the issue. So, I will overrule your objection.”
                                                      Bailiff Witness
          In point of error one, appellant argues that the trial court erred in permitting
Deputy Garcia to testify during the punishment trial because Deputy Garcia had been
serving as bailiff for the jury who decided the punishment in this case.
          Appellant correctly states that article 36.24 of the Texas Code of Criminal
Procedure provides that “if the person furnished by the sheriff [to be the bailiff] is to
be called as a witness in the case he may not serve as bailiff.” Tex. Code Crim.
Proc. Ann. art 36.24 (Vernon 1981). Here, however, appellant’s objection at trial
does not comport with his complaint on appeal. Appellant did not object to Deputy
Garcia’s testimony based on article 36.24. His objection was that he was unduly
surprised by Deputy Garcia’s testimony because he was not on the witness list and,
despite appellant having invoked the rule, Deputy Garcia had been sitting in the
courtroom during trial. Appellant, therefore, presents nothing for review in this point
of error. See Tex. R. App. P. 33.1(a)(1) (party complaining on appeal has burden to
preserve claim with specific and timely objection and obtain a ruling on it); Canales
v. State, 98 S.W.3d 690, 699 (Tex. Crim. App. 2003).
          We overrule point of error one.
“Rule” Invoked
          In point of error two, appellant argues that the trial court erred in permitting
Deputy Garcia to testify during the punishment phase of trial because Deputy Garcia
had been in the courtroom while appellant testified, and this violated “the rule” which
had been invoked at the beginning of trial.
          When the trial court invokes “the rule,” it excludes witnesses from the
courtroom pursuant to Rule 614, which provides in relevant part that “at the request
of a party the court shall order witnesses excluded so that they cannot hear the
testimony of other witnesses, and it may make the order of its own motion.” Tex. R.
Evid. 614. The purpose of the rule is to prevent the testimony of one witness from
influencing the testimony of another. Martinez v. State, 867 S.W.2d 30, 40 (Tex.
Crim. App. 1993); Phillips v. State, 64 S.W.3d 458, 459 (Tex. App.—Houston [1st
Dist.] 2001, no pet.). The trial court must invoke the rule if requested to do so. Tex.
R. Evid. 614. After the rule has been invoked, enforcement of the rule is within the
trial court’s discretion. Guerra v. State, 771 S.W.2d 453, 474-75 (Tex. Crim. App.
1988); Phillips, 64 S.W.3d at 459. A violation of the rule may not be relied upon for
reversal of the case unless it is shown that the trial court abused its discretion in
allowing the violative testimony. Guerra, 771 S.W.2d at 474-75; Phillips, 64 S.W.3d
at 460.
          Here, during the punishment phase of the trial, Garcia proceeded to testify that
he was a bailiff/process server assigned to the 180th district court, and that appellant
had filed a grievance against him. Garcia testified that appellant accused him of
bringing appellant into the courtroom naked and humiliating him in front of everyone. 
Garcia testified that the event referenced in the grievance occurred while appellant
was in a holding cell, and Garcia had been asked to bring appellant into the
courtroom. Appellant refused to be led into the courtroom and told Deputy Garcia
that “if we wanted to bring him out here, we were going to have to use force.” 
Deputy Garcia’s supervisor was notified and assisted Garcia. They were able to take
appellant into the courtroom without incident. Deputy Garcia testified that he took
appellant back to the holding cell and Garcia was then told to bring appellant back
into the courtroom. When Garcia went back into the holding cell to retrieve appellant
the second time, he found appellant dressed only in his t-shirt and underwear. 
Appellant told Deputy Garcia that he had stuffed his jail clothes into the toilet. 
Appellant refused to walk into the courtroom, so Deputy Garcia and his supervisor
found a chair with wheels and wheeled appellant into the courtroom wearing his t-shirt and boxer-styled underwear.  
          The record shows that Deputy Garcia did not testify about any personal
knowledge of appellant’s offense and there was no reason to believe that he would
be a witness in the trial at the time the rule was invoked. Rather, Deputy Garcia
became a witness during the punishment phase of trial after appellant made the
disputed statements. When, as here, the witness was one who had no connection with
either the State’s or the defendants’s case in chief and was not likely to be called as
a witness because of a lack of personal knowledge regarding the offense, the trial
court does not abuse its discretion in allowing the testimony. See Guerra, 771
S.W.2d at 476; Phillips, 64 S.W.3d at 460.
          Accordingly, the trial court did not abuse its discretion by allowing Deputy
Garcia to testify. We overrule point of error two.
 
 
 
Conclusion
          We affirm the judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).