**Opinion filed April 21, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00140-CR
_____

## JOHN LUTHER HAWK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 7491**

## M E M O R A N D U M   O P I N I O N

John Luther Hawk, Appellant, challenges his conviction for sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. §22.011 (West Supp. 2021). Appellant was charged with two counts of sexual assault of an adult neighbor, S.S., arising from events that occurred at her home on July 24, 2017. The jury found Appellant not guilty of Count One and guilty of Count Two, and assessed punishment at five years' confinement in the Institutional Division of the Texas

Department of Criminal Justice and a $10,000 fine. Appellant appeals his conviction and raises seven issues for our review. We affirm.

*Factual and Procedural History*

Count One of the indictment alleged that Appellant intentionally and knowingly caused the penetration of the female sexual organ of S.S., by his finger, without her consent and caused her to submit and participate by use of physical force, violence, and coercion. Count Two alleged that Appellant intentionally and knowingly caused the penetration of the female sexual organ of S.S., by his sexual organ and finger, without her consent and caused her to submit and participate by use of physical force, violence, and coercion.

The State presented three witnesses in addition to the victim, S.S., who all testified to events that occurred on the evening of the assault. The State additionally presented testimony from the chief of police and a S.A.N.E. Nurse—both of whom spoke with S.S. on the evening of the offense and collected evidence relevant to the investigation. When cross-examining S.S., Appellant's trial counsel attempted to question her about text messages that she had sent to Appellant's daughter, Ashley Caperton. The State objected to their admission under Rules 404, 412, and 608, and the trial court ultimately sustained the objection.[1]

Following the close of the State's case in chief, Appellant introduced five witnesses who attacked S.S.'s character for truthfulness. Appellant also testified. Three of Appellant's witnesses only testified regarding S.S.'s reputation for truth and veracity (Emily Jones, Heather Ramos, and Jeanie Tucker), and the other two witnesses, Appellant's wife (Kathy) and Caperton, provided additional testimony regarding their close relationship with S.S. When Kathy testified, Appellant's trial

---

[1] It is unclear on what grounds the trial court sustained this objection, but the trial court questioned the relevance of the text messages and asked if Appellant's trial counsel was attempting to impeach S.S. based on collateral matters. Further, the questions which might open the door for the use of the texts for purposes of impeaching S.S. had not been asked.

counsel attempted to introduce, through her, statements made by S.S. about S.S.'s intimate relationship with another neighbor, Doug Mauldin. The State objected to the testimony on hearsay grounds. Appellant provided no exception to the hearsay rule, and the trial court sustained the objection. During Caperton's testimony, Appellant's trial counsel attempted to introduce text messages exchanged between Caperton and S.S., that provided details of S.S.'s past sexual conduct. The State again objected, and the trial court sustained the objection. Appellant's trial counsel then attempted to have the text messages between Caperton and S.S. submitted as an exhibit, but the State objected on the grounds of authentication and relevance. Appellant's trial counsel responded that the printouts of the text messages were relevant to show the close relationship between S.S. and Caperton, but the trial court sustained the objections. After Appellant closed, the State presented a rebuttal witness to challenge the attacks on S.S.'s character.

Appellant's trial attorneys each argued that S.S. was untruthful, as evidenced by witness testimony. Each also presented, or attempted to present, the argument that the State had failed to produce witnesses to testify, by either opinion or reputation evidence, that Appellant is, by character, untruthful. The State objected to this proposed argument under Rule 404 of the Texas Rules of Evidence, and the trial court sustained the objection. Upon its deliberation, the jury found Appellant not guilty of Count One, but guilty of Count Two.

Testimony was also offered during the punishment phase, during which the State presented a witness, M.W.B., who alleged that Appellant had sexually assaulted her in 1973. The trial court considered this proffered testimony outside the presence of the jury and determined that a jury could reasonably find that such extraneous offense was true, beyond a reasonable doubt. The trial court dutifully instructed the jury to consider this extraneous offense evidence only if it believed the evidence beyond a reasonable doubt. Appellant then attempted to introduce a

rebuttal witness who had been present in the courtroom during M.W.B.'s testimony, but the trial court denied Appellant's request because "the Rule," TEX. R. EVID. 614, had been invoked prior to the start of all testimony during the guilt/innocence phase of trial. Appellant's trial counsel did not make an offer of proof as to what the excluded rebuttal witness's testimony would have been had the witness been allowed to testify.

*Issues*

Appellant presents seven issues for our review, all of which concern evidentiary rulings made by the trial court. In his *first and second issues*, Appellant argues that the trial court abused its discretion in sustaining the State's objection to Appellant's final argument when Appellant's trial counsel challenged the State's failure to attack Appellant's reputation for truthfulness. In his *third and fourth issues*, Appellant argues that the trial court abused its discretion during the punishment phase in excluding Appellant's rebuttal witness for violating "the Rule," as well as for allowing testimony regarding an extraneous offense which occurred forty-four years prior to the acts alleged in the indictment. In his *fifth, sixth, and seventh issues*, Appellant argues that the trial court abused its discretion in excluding the introduction of evidence and testimony from two of his witnesses, as well as preventing cross-examination of S.S. on issues that included her past consensual sexual conduct.

*Issues One and Two - Reputation for Truthfulness*

Appellant argues that the trial court abused its discretion in sustaining the State's objection to Appellant's final argument during the guilt/innocence phase of trial. During argument, Appellant's trial attorneys argued, or attempted to argue, that the State failed to challenge Appellant's reputation for truthfulness, even though Appellant had presented evidence to challenge S.S.'s reputation on the same basis. Appellant argues that he put his character for truthfulness at issue by testifying.

Appellant asserts that the improper denial of his jury arguments amounted to a denial of his substantial rights, and that his conviction should be reversed.

## 1. Standard of Review

A trial court's ruling on an objection to improper jury argument is reviewed for an abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). Permissible jury argument generally falls into one of four categories: (1) summation of the evidence; (2) reasonable deduction of the evidence; (3) answer to opposing counsel argument; and (4) a plea for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010) (citing *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000)). We examine rulings on alleged improper argument in light of the facts adduced at trial and in the context of the entire argument. *Thompson v. State*, No. 01-14-00862-CR, 2015 WL 9241691, at *2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2015, no pet.) (mem. op., not designated for publication) (citing *McGee v. State*, 774 S.W.2d 229, 239 (Tex. Crim. App. 1989)). Even if an argument is improper, reversal is only necessary if the statements deprived Appellant of a fair and impartial trial. *Id.* at *2.

## 2. Applicable Law

Once a defendant voluntarily chooses to testify, "he is subject to the same rules as any other witness and may be impeached, contradicted, made to give evidence against himself, cross-examined . . . , and treated in every respect as any other witness testifying on his behalf," unless the law forbids using certain matters against him. *Matthews v. State*, 803 S.W.2d 347, 349 (Tex. App.—Houston [14th Dist.] 1990, no pet.). The rules of evidence forbid treating criminal defendants just like any other witness in certain matters. *See* TEX. R. EVID. 404(a)(2)(A). "In a *criminal* case, a *defendant* may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." *Id.* (emphasis added). "A pertinent character trait is 'one that relates to a trait involved

in the offense charged or a defense raised.'" *Stitt v. State*, 102 S.W.3d 845, 849 (Tex. App.—Texarkana 2003, pet. ref'd) (quoting *Spector v. State*, 746 S.W.2d 946, 950 (Tex. App.—Austin 1988, pet. ref'd)). Honesty is not a pertinent character trait of sexual assault; therefore, character evidence of a defendant's honesty is forbidden under Rule 404 in such cases. *See Wiggins v. State*, 778 S.W.2d 877, 893 (Tex. App.—Dallas 1989, pet. ref'd) (where the trial court excluded evidence of defendant's honesty because it was not a relevant character trait in trial for aggravated sexual assault). However, pursuant to Rule 608(a), a witness's credibility may be attacked by testimony about the witness's reputation for having a character for untruthfulness, or by testimony in the form of an opinion about that character. TEX. R. EVID. 608(a) (but evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked—bolstering the witness is not permitted).

*3. Analysis*

A defendant in a criminal case must put his own character at issue for traits pertinent to the offense. A defendant who testifies, is subject to having his reputation for truthfulness challenged under Rule 608, just like any other witness. TEX. R. EVID. 608. Appellant's trial counsel presented numerous character witnesses to testify that S.S. is not credible and should not be trusted. During closing argument, Appellant's trial counsel also emphasized the testimony of these character witnesses regarding S.S.'s lack of truthfulness, and attempted to contrast the State's failure to produce witnesses who would testify that Appellant, in their opinion or by reputation, is untruthful. The State objected in each instance on the grounds that the comments violated Rule 404. The trial court sustained each objection. The two comments made by Appellant's trial counsel were as follows:

> But what stood out to me is no one testified about [Appellant] being untruthful.

6

Not one witness was called to say that [Appellant] was -- [cut off by State's objection]

Although under Rule 404(a)(2)(A), a criminal defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it," under Rule 608, it is permissible to attack, by reputation or opinion, a testifying witness's character for truthfulness. *See* TEX. R. EVID. 404(a)(2)(A), 608. Appellant argues that his character and reputation for truthfulness were put at issue when he testified. We agree. Further, the State concedes that Rules 404 and 608 do not categorically disallow the State from calling a rebuttal witness to attack a testifying defendant's reputation for truthfulness. Therefore, it was permissible jury argument—summation of the evidence or reasonable deduction of the evidence—when Appellant's trial counsel compared the testimony of S.S.'s reputation for untruthfulness with the State's failure to attack Appellant's character for truthfulness. Further, it is permissible for one party to comment on the other party's failure to present favorable evidence or available witnesses, so long as the prosecutor does not shift the burden to the defense in presenting evidence and there is no implication that defendant should have testified but did not. *See Pope v. State*, 207 S.W.3d 352, 365 (Tex. Crim. App. 2006) (holding that a party may always comment on the fact that an opponent failed to call an available witness, or argue a witness was not called because testimony would be unfavorable); *Orellana v. State*, 381 S.W.3d 645, 655 (Tex. App.—San Antonio 2012, pet. ref'd).

Because the trial court erred in sustaining the State's objection to the final argument referenced above, we must now analyze the harm, if any, resulting therefrom. "Because a trial court's improper denial of a jury argument that counsel is permitted to make is a denial of the right to counsel, it is constitutional error, subject to harm analysis under Rule 44.2(a) of the Texas Rules of Appellate

7

Procedure." *Martin v. State*, 570 S.W.3d 426, 441 (Tex. App.—Eastland 2019, pet. ref'd). Even though the trial court erred, we may only reverse Appellant's conviction on the basis of this error if "there is a reasonable possibility that the error might have contributed to the conviction." *Id.* We make this determination by calculating, "as much as possible the probable impact on the jury *in light of the existence of other evidence*." *Id.* (emphasis added).

In *Martin*, we found that the trial court erred in limiting defense counsel's closing argument but that the error was harmless because he was able to convey "the gravamen of his desired argument to the jury" despite the trial court's rulings. *See Martin*, 570 S.W.3d at 442. The same is true here. Appellant's trial counsel presented evidence and argument that (1) S.S. had a reputation for being untrustworthy, (2) the neighborhood children still played at Appellant's house, possibly hoping to implicitly show that Appellant is not seen as a threat to the neighborhood, and (3) Appellant was a more credible witness than S.S. Although Appellant's trial counsel contrasted the truthfulness of Appellant and S.S., the trial court's error did not prevent Appellant from either presenting his evidence, the gravamen of his defense, and the desired argument to the jury. Accordingly, we hold that the trial court's error in limiting the final argument of Appellant's trial counsel was harmless and that, beyond a reasonable doubt, the error did not contribute to Appellant's conviction or punishment. *See* TEX. R. APP. P. 44.2(a). We overrule Appellant's first and second issues.

*Issue Three - Exclusion of a Rebuttal Witness for Violation of "the Rule"*

In his third issue, Appellant argues that the trial court abused its discretion during the punishment phase in excluding one of his witnesses because the witness violated Rule 614 of the Texas Rules of Evidence (the Rule). Appellant alleges this impacted his substantial rights, requiring reversal of the imposed punishment.

*1. Standard of Review*

Enforcement of the Rule is left up to the sound discretion of the trial court. *Phillips v. State*, 64 S.W.3d 458, 460 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Guerra v. State*, 771 S.W.2d 453, 474–75 (Tex. Crim. App. 1988)). A violation of the Rule may not be grounds for reversal of the case unless it is shown that the trial court abused its discretion in allowing the violative testimony. *Id.* When a party claims evidence was excluded in error, that issue must be preserved for appellate review by informing the trial court of the substance of the testimony by an offer of proof, unless the substance of the testimony was apparent from the context. TEX. R. EVID. 103(a)(2). An offer of proof may be in question-and-answer form or may be in the form of a concise statement by counsel. *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (citing *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993)); *see* TEX. R. EVID. 103(c). An offer of proof must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence, unless the relevance is apparent, so that the trial court can determine whether the evidence is relevant and admissible. *Warner*, 969 S.W.2d at 2 (citing *Love*, 861 S.W.2d at 901).

*2. Applicable Law*

When the Rule is invoked, "the trial court orders witnesses to remain outside the courtroom." *Routier v. State*, 112 S.W.3d 554, 590 (Tex. Crim. App. 2003). There are exceptions, but the purpose of the Rule is to prevent witnesses from altering their testimony, consciously or not, based on testimony given by other witnesses. *Routier*, 112 S.W.3d at 590 (citing *Webb v. State*, 766 S.W.2d 236, 239 (Tex. Crim. App. 1989)).[2] There are two circumstances that arise under Rule 614:

---

[2]"This right to have witnesses separated and excluded from the courtroom during the introduction of testimony is a material right which is said to be a heritage of the common law and originating in the History of Susanna, a book of the Apocrypha." *Wilson v. State*, 255 S.W.2d 520, 521 (Tex. Crim. App. 1953).

first, when a party complains of the admission of evidence in violation of the Rule, and second, when a witness is excluded. *Routier*, 112 S.W.3d at 590. When enforcement of the Rule would require the exclusion of a criminal defendant's witness, "the trial court must consider the competing interest of the defendant's right to defend himself." *Id.* The trial court "must balance the interests of the State and the accused, consider alternative sanctions, and consider the benefit and detriment arising from a disqualification in light of the nature and weight of the testimony to be offered." *Id.* On appeal, we must conduct the two-pronged analysis established in *Webb*:

> (1) if the rule was violated and the witness disqualified, were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; *and* (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Id.* (emphasis added) (quoting *Webb*, 766 S.W.2d at 245).

Both prongs of the *Webb* test must be met for the defendant to prevail. For a defendant to prevail under the second prong of the analysis, "he must show that the evidence 'was "extraordinary" in the sense that it was crucial to his defense.'" *Id.* at 590–91 (quoting *Webb*, 766 S.W.2d at 245). "[S]imply because the excluded testimony is not the only evidence supporting a defensive theory" does not mean it is not crucial to the defense. *Id.* at 591 (quoting *Davis v. State*, 872 S.W.2d 743, 746 (Tex. Crim. App. 1994)).

### 3. Analysis

Immediately prior to the State's opening statement to the jurors, the trial court noted that the Rule had been invoked. Despite this invocation and despite the trial court's admonition to the attorneys that they were responsible for their own witnesses that had not already been sworn, Appellant's rebuttal witness to M.W.B.

10

was present in the courtroom during M.W.B.'s testimony. M.W.B. testified that Appellant sexually assaulted her in 1973, an event that allegedly occurred in the home of Doug Horner, Appellant's proposed rebuttal witness. After M.W.B.'s testimony, Appellant immediately called Horner to the stand, but the State objected on the grounds that Horner had been in the courtroom listening to M.W.B.'s testimony and, therefore, should be prevented from testifying due to violation of the Rule. The trial court admonished Appellant's trial counsel that they had been warned to be responsible for their own witnesses and sustained the State's objection. Appellant acknowledges that no proffer or bill was made to preserve Horner's proposed testimony. Yet he now argues on appeal that Horner was their only rebuttal witness to M.W.B. and that without him, Appellant's substantial rights were affected.

Without an offer of proof, the issue has not been preserved for appeal under Rule 103(a)(2). We are also unable to discern (1) what Horner's testimony would have been and (2) whether or not any error in excluding Horner's testimony affected a substantial right of Appellant.[3] *See* TEX. R. EVID. 103(a). Further, "[a]bsent a showing of what such evidence would have been, or an offer of a statement concerning what the excluded evidence would show," nothing is presented for our review. *Beckett v. State*, No. 05-10-00331-CR, 2012 WL 955358, at *3 (Tex. App.—Dallas Mar. 22, 2012, pet. ref'd) (not designated for publication) (quoting *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999)).

---

[3]Appellant did provide an affidavit from Horner in his submission of "Additional Evidence in Support of Defendant's Motion for New Trial" on May 1, 2020. Apart from the submission being outside the 30-day deadline to file a motion for new trial (final judgment of conviction and punishment against Appellant was entered on March 12, 2020), the affidavit content, in part, undermines Appellant's argument, stated or implied, that it was reliable information. *See* TEX. R. APP. P. 21.4. Horner's affidavit states: "As I heard testimony [sic] I remembered the event." That admission alone is enough to demonstrate that the purpose of the Rule—to prevent witnesses from altering their testimony, consciously or not, based on testimony given by other witnesses—may have been frustrated. *See Routier*, 112 S.W.3d at 590.

Because this issue has not been preserved for our review, we need not conduct the *Webb* analysis. We overrule Appellant's third issue.

*Issue Four - Extraneous Offense*

In his fourth issue, Appellant argues that the trial court abused its discretion in allowing testimony from M.W.B. regarding an extraneous offense that occurred forty-four years prior to the acts alleged in the indictment.

*1. Standard of Review*

A trial court's ruling on the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *Sewell v. State*, No. 11-19-00342-CR, 2021 WL 4601080, at *4 (Tex. App.—Eastland Oct. 7, 2021, pet. ref'd) (citing *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009)). As long as the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion, and the trial court's ruling will be upheld. *De La Paz*, 279 S.W.3d at 343–44. Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial court's reasoning was incorrect. *Id.* We employ an abuse of discretion standard in reviewing a trial court's application of the balancing test set out in Rule 403, "although that balance is always slanted toward admission, not exclusion, of otherwise relevant evidence." *Id.* at 343.

*2. Applicable Law*

Article 37.07 of the Texas Code of Criminal Procedure governs evidence that may be presented after a finding of guilt. TEX. CODE. CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2021). Under Article 37.07, there is generally no remoteness limitation on the admission of extraneous offenses or bad acts during the punishment phase, and the State may offer evidence as to any matter the trial court deems relevant to sentencing. *Id.*; *see also Long v. State*, No. 14-18-01024-CR, 2020 WL 5048604, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, pet. ref'd)

(mem. op., not designated for publication). Evidence is relevant to sentencing if it is "helpful to the [factfinder] in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). Offenses that occurred decades before the indicted offense have previously been held to be relevant in determining punishment when they establish a history of violent behavior. *See, e.g., Long*, 2020 WL 5048604, at *4 (observing that "[a]lthough [the witness's] testimony concerned appellant's conduct decades before the assault against [the victim], it tended to reinforce appellant's pattern and practice of mixing anger and violent behavior against women in his household"); *Rodriguez v. State*, 345 S.W.3d 504, 508 (Tex. App.—Waco 2011, pet. ref'd) (sexual assaults committed forty-four and sixty years before the charged offense when defendant was a juvenile were not so remote as to be inadmissible).

### 3. *Analysis*

In the instant case, M.W.B., a witness for the State during the punishment phase, testified that Appellant sexually assaulted her in 1973. Appellant argues this testimony lacked probative value and should have been excluded by the trial court. However, the trial court could have deemed the testimony of this prior act to be relevant because it was of the same nature, pattern, or practice as the acts alleged in the indictment. The trial court has the discretion to determine whether the circumstances are relevant and was noted in *Long* and *Rodriguez*. Moreover, the threshold for the admission of unadjudicated offenses under Article 37.07 is relevance, not recency. *See Tow v. State*, 953 S.W.2d 546, 547–48 (Tex. App.—Fort Worth 1997, no pet.). Because the trial court's decision to admit this testimony as relevant is at least within the "zone of reasonable disagreement," we cannot say that the trial court abused its discretion when it allowed M.W.B. to testify at punishment. Appellant's fourth issue is overruled.

*Issues Five, Six, and Seven - Prior Sexual Conduct of the Victim*

In his final three issues (five, six, and seven), Appellant argues that the trial court abused its discretion in sustaining the State's objection and preventing the introduction of documents and testimony from two witnesses through whom Appellant attempted to introduce text messages between S.S. and Caperton, which then would be used to cross-examine S.S. Appellant was further prevented from introducing statements made by S.S. to Kathy related to the nature of S.S.'s relationship with Mauldin. Common to each of Appellant's issues is content that includes the prior sexual conduct of S.S.

### 1. Standard of Review

"The decision to admit evidence is within the discretion of the trial court." *Ortega v. State*, 126 S.W.3d 618, 620 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)). As we have said, we review a trial judge's decision on the admissibility of evidence under an abuse of discretion standard and will not reverse it if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *see also Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (stating that, if the trial court "operates within the boundaries of its discretion, an appellate court should not disturb its decision, whatever it may be").

### 2. Applicable Law

In sexual assault cases, Rule 412 of the Texas Rules of Evidence generally prohibits the introduction of reputation or opinion evidence of a victim's past sexual behavior or specific instances of a victim's past sexual behavior. TEX. R. EVID. 412(a). This rule restricts "the introduction of evidence regarding the complainant's prior *consensual* sexual behavior to situations in which the evidence is both relevant to a defendant's defense and not unduly prejudicial or inflammatory." *Draheim v. State*, 916 S.W.2d 593, 599 (Tex. App.—San Antonio 1996, pet. ref'd). Exceptions

to the admissibility bar exist, including when the evidence (1) is necessary to rebut or explain scientific or medical evidence, (2) concerns past sexual behavior with the defendant, (3) relates to the motive or bias of the victim, (4) is admissible under Rule 609, or (5) is constitutionally required to be admitted. TEX. R. EVID. 412(b)(2). Additionally, to be admissible, the evidence must be more probative than prejudicial. *Id.* R. 412(b)(3).

Hearsay is a statement made outside the current hearing or trial and offered for the truth of the matter asserted. TEX. R. EVID. 801. Hearsay evidence is not admissible unless an enumerated exception applies. *See* TEX. R. EVID. 801, 803, 804. However, a statement made by an opposing party is not hearsay when offered against the opposing party and made in a manner conceived of by the rule. TEX. R. EVID. 801(e)(2). A "victim is not a party within the meaning of the rule that admission by party opponent is not hearsay." *Halstead v. State*, 891 S.W.2d 11, 14, n.1 (Tex. App.—Austin 1994, no pet.). After a party raises an objection to hearsay testimony, "the burden shifts to the offeror to show that the testimony is admissible pursuant to an exception to the hearsay rule." *Ortega*, 126 S.W.3d at 620 (citing *Cofield v. State*, 891 S.W.2d 952, 954 (Tex. Crim. App. 1994)).

*3. Analysis*

*a. Issue Five - printouts of the text messages between S.S. and Caperton*

In his fifth issue, Appellant alleges that the trial court erred in excluding printouts of the text messages between S.S. and Caperton.

Appellant argues on appeal that the purpose in attempting to admit these text messages at trial was to use extrinsic evidence to prove that S.S. had a motive or bias to lie (TEX. R. EVID. 412(b)(2)(C) exception). However, that connection is not apparent in the trial record, nor was it stated as a reason before the trial court. The text messages are not contained in the appellate record, nor was any offer of proof

made as to their content in the trial court below. Thus, Appellant's argument is not preserved for our review. TEX. R. EVID. 103(a)(2).

Additionally, the only relevant purpose for using these text messages that Appellant's trial counsel offered to the trial court was to show "what kind of a relationship [S.S. and Caperton had] as friends" so the "jury [can] see how close friends they were." Trial counsel followed up that he would then ask Caperton her opinion on S.S.'s character and reputation for truth and veracity. Appellant's trial counsel had already established the relationship between S.S. and Caperton by asking Caperton how long the two had known each other (since elementary school) and whether the two spoke regularly—to which both S.S. and Caperton agreed. Additional evidence on that issue would have been cumulative. Other than as a pretext for putting before the jury the prior sexual behavior of S.S., it is not clear why it would be necessary to introduce the content of the text messages for the purpose of showing a close friendship that was not in dispute. We can only discern from the record that the text messages were offered for purposes that are not consistent with any permissible exception to TEX. R. EVID. 412. Therefore, the trial court did not abuse its discretion in excluding them. We overrule Appellant's fifth issue.

### b. Issue Six - Testimony Regarding S.S.'s Relationship with Mauldin

In his sixth issue, Appellant argues that the trial court erred in sustaining the State's objection to Kathy's testimony regarding S.S.'s relationship with her neighbor, Mauldin, because it indicated that S.S. had a motive to lie.

Despite Appellant's argument, his trial counsel cited to no exception to the hearsay rule when Kathy's testimony was objected to during trial. The burden shifted to Appellant when the State objected to the testimony, and Appellant failed to show that the testimony was admissible. *See Ortega*, 126 S.W.3d at 620. The record clearly shows that Kathy may have been attempting to recount what S.S.

said.[4]  While Appellant claims that the trial court prevented the introduction of a motive for S.S. to lie, there is no question that the trial court was within its discretion to sustain the objection and exclude the evidence—particularly in the absence of any stated exception to the hearsay rule.  Although the trial court did not prevent Appellant's trial counsel from pursuing the line of questioning without hearsay, they did not attempt to do so.  Appellant's sixth issue is overruled.

### c.  Issue Seven - Past Sexual Conduct of S.S.

In his seventh issue, Appellant claims that the impeachment of S.S.'s credibility was crucial to their defense and that Appellant has the right of confrontation as guaranteed by the Sixth Amendment.  Specifically, Appellant argues that the text messages would have shown that S.S. had lied before—in a prior trial—about texting a particular slang sexual phrase to Caperton.

Prohibiting cross-examination of a victim about her past sexual conduct does not violate Appellant's Sixth Amendment right to confrontation.  *See Ex parte Hawthorne*, No. 11-16-00337-CR, 2018 WL 6928985, at *6 (Tex. App.—Eastland Dec. 31, 2018, pet. ref'd) (mem. op., not designated for publication).  Although Appellant's trial counsel may have been referring to S.S.'s knowledge of the phrase as a means for impeachment rather than a description of her past sexual conduct, there are possible reasons for why the trial court may have sustained the objection.  Importantly, the trial court observed that S.S. had not actually been asked a question that contradicted prior testimony and could not be impeached on that matter at that time.  Further, it is not unreasonable to conclude that a jury might relate the phrase "doing the dirty" to S.S.'s past sexual conduct, nor is it unreasonable for a trial court to determine that such evidence is more prejudicial than probative.  Because it is not outside the zone of reasonable disagreement and could reasonably be viewed as

---

[4]Kathy: "Like [S.S] would say things like -- she started talking about Doug Mauldin and she --."

related to S.S.'s reputation for sexual conduct, or a specific instance of conduct (and excluded under Rule 412(a)), we cannot say the trial court abused its discretion by prohibiting the proposed cross-examination. Appellant's seventh issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


April 21, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.